## Doe, *ex dem.* Clinton and others, *against* Phelps.

THIS was an action of ejectment, and was tried at the last circuit, in *Schoharie* county, before Mr. Justice *Spencer.* The plaintiff claimed the north part of lot No. 29. in a patent granted the 11th *October*, 1765, to *Frederick Young* and 19 others, for 20,000 acres of land, in the town of *Sharon.* At the trial, the lessors gave in evidence, 1. An exemplification of the patent; 2. A deed, dated 9th *September*, 1766, from *John S. A. Glen, John Cuyler, Garrit A. Lansing,* and *Henry C. Cuyler,* to *Peter Dubois,* for *four twentieth* parts of the said tract; 3. A deed, dated 14th *May,* 1767, from *Philip Livingston, Peter Dubois, Alexander Colden, Frederick Young,* for himself, and also as attorney for *Cornelius Ten Broek, Abraham Yates,* jun. *Nicholas Oxinier, Adam Young,* and *Johannis Keplier,* to *Anthony Van Dam,* reciting the power of attorney from them to the said *Frederick Young,* accompanied with a map of the premises, for the whole patent; 4. A deed, dated 2d *September,* 1767, from *Anthony Van Dam,* reciting the previous conveyances, to *Peter Dubois,* for lots No. 4. 17. 43. 5. 16. 42. 6. 15. 50. 7. 14. and 9. each containing 400 acres; and, 5. A deed dated 3d *November,* 1772, from *Peter Dubois,* in which his trustees were joined, to *Walter Franklin,* under whom the lessors derived title, for lot No. 9. and twelve other lots. The lessors are the heirs at law of *Walter Franklin.*

Where a deed was executed, in 1767, which recited a power of attorney, from six of the grantors, for the whole of a patent, and the lands in the patent were proved to be generally held under and according to that deed; it was held, that after the lapse of 44 years, the execution of the power of attorney would be presumed.

*Jabez D. Hammond,* a witness, testified, that the defendant did not pretend to claim a title to the premises; that the lots in the patent to *Young and others,* were generally held under, and according to, the deed from *Anthony Van Dam;* that there are two lines run on the northern boundary of the patent, the distance between which is about eight chains; that the corner trees of lot No. 9. are not to be found, and the defendant claimed a right to the space between the two lines, opposite to lot No. 9. &c.

The witnesses for the defendant testified, that part of the defendant's farm had been improved 23 years; that the northwest corner of lot No. 9., which is the northeast corner of lot No. 8., was marked in the south of the two lines above mentioned. One *Keyes* formerly held land opposite to lot No. 9. and improved it up to the south line, before he leased the alleged intermediate space, or *gore,* to the defendant. The lot adjoining No. 9. is held up to the north line, as are all the lots eastward, on *Crosby's* patent. The defendant possessed the intermediate space, under *Keyes,* about nine years. The possessors of lot No. 9. have claimed that space, as a *gore,* and the two lines appeared to be about the same age.

The plaintiff, though called on for that purpose, did not produce a power of attorney to *Frederick Young,* from any of the patentees, nor did he produce any other deed than those above mentioned.

A verdict, by consent, was taken for the plaintiff, subject to the opinion of the court, on a case containing the above facts; the judge, on account of his relationship to the lessors, declining to give any opinion on the points raised.

*Van Buren,* for the plaintiff.

*Cady,* contra.

*Per Curiam.* The lessors of the plaintiff showed an undisputed title, under the original patent of 1765, to seven twentieth parts of the premises. The defendant sets up no title, nor does he show any adverse possession sufficient to bar the plaintiff's right of recovery. The lessors of the plaintiff likewise show a further right to six twentieth parts of the premises, provided the conveyance to *Van Dam* from *Young,* as attorney to six of the patentees, was by due authority. This deed bears date the 14th *May,* 1767, and it recites a power of attorney from six of the patentees,

and it was in proof that the lands in the patent were generally held under title derived from *Van Dam*. The deed to *Van Dam* was from other patentees, besides those for whom *Young* assumed to act as attorney, and it purported to be a conveyance of the whole patent. After a lapse of 44 years, and when the possessions have gone along with the deed to *Van Dam*, and when no pretence of claim in opposition to that deed has been heard of, the execution of the power of attorney recited in the deed of 1767, may reasonably be presumed. An ancient deed, with possession corresponding with it, proves itself; and a power of attorney contained in such deed, and necessary to give it validity, or full effect, will equally be embraced by the presumption.

The deed to *Van Dam* was for the whole patent; but no right appeared upon the face of it, nor is any shown otherwise, to more than thirteen twentieth parts of the patent, and for so much and no more, the plaintiff is entitled to judgment.

Judgment accordingly.