HARTWELL *against* ROOT.

IN ERROR, to the Court of Common Pleas of *Ontario* county. *Root* brought an action of trespass against *Hartwell*, in the Court below, for taking and carrying away a pair of horses, &c., belonging to *R.* The defendant pleaded not guilty. On the trial, it appeared that the defendant, as deputy sheriff, in *May*, 1819, levied on a pair of horses in possession of the plaintiff, and sold them at the sheriff's sale. The plaintiff proved that he purchased the horses in *March* previous, of *David Conkling*, for 190 dollars.

· The defendant proved that he took and sold the horses, as deputy sheriff of the county of *Ontario*, by virtue of a *fi. fa.* issued out of the Court of C. P. against *David Conkling*, at the suit of *R. Hale*, which execution was tested 17th of *November*, 1818, and returnable the third *Tuesday* of *February* following, and was delivered to the defendant, the 7th of *December.* It was proved, that the horses in question, from the time of issuing the execution, until the return day thereof, were the property of *Conkling*, and in his possession, and that he had little or no property besides the horses. That soon after the horses came into the possession of the plaintiff, by purchase from *Conkling*, who lived in the same place, he became wholly insolvent; but there was no proof that the plaintiff, at the time he purchased the horses of C. knew of the judgment and execution. The defendant also gave in evidence, in bar of the action, that an action of *trover* had been brought by the plaintiff for the same horses, against one *G. Lane*, who received them from the purchaser at the sheriff's sale, above mentioned : That the plaintiff, afterwards, agreed with *Lane*, that if he would pay the costs and fees of counsel, the action should be discontinued, and *Lane* be for ever discharged from the suit, which was accordingly done, and a written discharge, dated *July* 1st, 1820, given to *Lane*, from that, or any other suit for the same cause of action. 'The counsel for the defendant contended, that the defendant was entitled to a verdict in his

Where a person is bound to do a certain act, the omission of which would be a culpable neglect of duty, the performance of it will be presumed, unless the contrary is proved.
As where an execution against C. was delivered to a deputy sheriff, in *December*, returnable the third *Tuesday of February* following, and in *March*, C. sold a pair of horses of which he was in possession, when the execution was delivered, and until its return day; the deputy sheriff, afterwards, took and sold the horses at the sheriff's sale, under the execution; *Held*, in an action of trespass brought against the officer, by the purchaser of C. that, in the absence of any positive proof, it was fairly to be presumed, from the circumstances, that a levy had been lawfully made by the officer, before the return day of the execution.

favour, on the ground, that a levy on the horses by the defendant, during the lifetime of the execution, was to be presumed, as the plaintiff, instead of bringing an action against the sheriff, in which the defendant might have been a witness, and have proved an actual levy, had elected to sue the deputy, who had the execution; and because the compromise and discharge of the suit against *Lane,* which was founded on the plaintiff's right of property in the horses, was virtually a satisfaction to the plaintiff, of the alleged trespass, and ought to operate as a release of the defendant. But the Court directed the jury, that the several matters given in evidence, by the defendant, were not sufficient to bar the plaintiff's action; and the jury found a verdict for the plaintiff, for 175 dollars: The defendant's counsel tendered a bill of exceptions to the opinion of the Court, on which the writ of error was brought.

*J. C. Spencer,* for the plaintiff in error, contended, 1. That an actual levy by the defendant, on the horses, during the execution, was fairly to be presumed. It was not necessary that the officer should have with him a witness of the levy. The levy is sufficient, if notice of it be given to the party. (*Hartwell* v. *Bissel,* 17 *Johns. Rep.* 128. *Cressy* v. *Stout, Id.* 116.) It was the duty of the defendant to make the levy, and the law will presume that he has done so, unless the contrary is proved. (*Phillips' Ev.* 151.) In *Jackson,* ex dem. *Sternbergh,* v. *Shafer,* (11 *Johns. Rep.* 513. 517.) the Court say, " it no where appears that there had not been a levy; and if it were necessary, the Court, under the circumstances, would presume it to have been made."

2. But if there was no actual levy, the property was bound by the execution in the hands of the sheriff. (*Lambert* v. *Paulding,* 16 *Johns. Rep.* 311. *Beals* v. *Allen, Id.* 363.)

3. The circumstances proved, show, that the sale of the horses by *Conkling* was fraudulent, as against the execution creditor.

*Kirkland,* contra, insisted, that there must be an actual levy, or some act of possession by the sheriff, such as taking an inventory, during the life of the execution, to show, at

least, his intention to levy. But, in the present case, there was not any evidence of the kind whatever. Though the delivery of an execution to the sheriff may bind the property of the debtor, it cannot affect a *bona fide* purchaser, without notice ; unless there has been, also, an actual levy. (*Haggerty* v. *Wilber*, 16 *Johns. Rep.* 287.) The case of *Bliss* v. *Ball*, (9 *Johns. Rep.* 180.) is very analogous to the present case. The Court there held, that there being no proof of any levy or act of the sheriff whatever, the *bona fide* purchaser of the cow in question was to be protected.

ALBANY,
January 1822.

HARTWELL
v.
ROOT.

WOODWORTH, J. delivered the opinion of the Court. The question in this cause, is, whether it is not to be presumed, that the defendant made a levy on the property of *Conkling*?

The Court below decided, that the matters given in evidence were not sufficient to bar the plaintiff's action. The officer acted under his oath of office. His duty required him to make a levy; and it does not appear that *Conkling* had any other property, beside the horses, to satisfy the execution. In such a case, in the absence of positive proof, and against a public officer, the circumstances offered a fair and reasonable presumption, that a levy had been legally made.

The general rule is, that when a person is required to do a certain act, the omission of which would make him guilty of a culpable neglect of duty, it ought to be intended, that he has duly performed it, unless the contrary be shown. (3 *East*, 192. 10 *East*, 216. *Phil. Ev.* 151.)

In an information against Lord *Halifax*, for refusing to deliver up the rolls of the Exchequer, the prosecutor was required to prove the negative, that he did not deliver them up. (*Peake's Evid.* 5. *Buller's N. P.* 298. 3 *East*, 192. 3 *Wils.* 362. 2 *Blacks. Rep.* 852.)

In *Jackson* v. *Shafer*, (11 *Johns. Rep.* 517.) the sheriff sold land, and executed a deed. The defendant contended, that the sale was void, because it was not shown that there was a previous levy. The Court said, " it no where appears there has not been a levy, and, if it were necessary, they would, under the circumstances of the case, presume it to have been done."

The case of *Bliss* v. *Ball*, (9 *Johns. Rep.* 132.) relied on by the defendant in error, is not analogous. In that case, the execution had lain a year in the sheriff's hands; the property was sold, by the defendant in execution, to a *bona fide* purchaser. The sheriff delayed selling on the execution, because he was instructed that a compromise was pending. After the year, however, he proceeded to sell; and it was held, that an execution, *lying dormant* for a year, and without evidence of an actual levy, was sufficient for third persons to presume it satisfied, unless knowledge of an actual seizure was brought home to the purchaser. The fact that the execution was dormant, was sufficient for the *bona fide* purchaser.

This case does not depend on the general right of the sheriff to retake the goods of the debtor, removed after he receives the execution, and before the return day. Here, *Conkling* had possession until after the return day; any notification, even to his wife, of a levy, would have been sufficient. (17 *Johns. Rep.* 116. 128.)

A sheriff is not bound, at his peril, to have proof of a levy, in a case like this, when the person who must be presumed to have done his duty, is sued, and cannot be heard as a witness.

Judgment reversed.