The opinion of this Court, was delivered by
Harper, J.
The only ground of appeal, in this case, is, “ because the deed from Alexander Fother-ingham, by his attorney, George Carr, to Thomas Tims, dated the 10th January, 1794, being admissible in evidence, as an aneient deed, and reciting the power of attorney whereby it was executed, the production *391 of tlie power of attorney was not necessary.” The general rule is, as stated by the presiding Judge, that recitals in a deed are only evidence against the parties to it. But the cases referred to, by the plaintiffs’ counsel, Doe, ex dem. Clinton v. Phelps (9 Johns. 169) Doe v. Campbell (10 Johns. 475, and 3 Har. and M’Hen. 594) sustain his position, that where an ancient deed recites a power of attorney under which it was executed, and possession has gone along with it, the power need not be produced. And I do not perceive why it should not be so. Antiquity and other circumstances, dispense with the necessity of any proof by witnesses, of hand writing, when the deed purports to be executed by the grantor personally; and there seems to be no good reason why they should not have the same effect, when it purports to be executed by attorney. The proof of the power, would be only one of the facts to make out a due execution.
The cases in Johnson, however, are equally clear, that to entitle a deed of thirty years old to be admitted in evidence, possession must have gone along with it for the whole time. So in Jackson v. Blanshan, (3 Johns. 292) Judge Kent says, that the antiquity of the deed is computed only from the time of possession taken under it. In Middleton v. Mass (2 N. & M’C. 55) it was only said, that some act of ownership is necessary. On the contrary, in the case of Barr v. Gratz (4 Wheat. 221) it is said tó be sufficient, if the deed be accounted for, as by shewing that it has been in existence for the requisite length of time.
The English cases do not seem to be very explicit on the subject, nor entirely to agree. In some of them, it seems to be thought sufficient, if the deed is accounted for, by shewing that it was found in some depository where it was natural to expect to find it, or produced by the person deriving a benefit under it. In others, possession according to the deed, or acts done under it, are said to be requisite, without specifying any thing very accurately, with respect to the length or continuity of possession. It appears to me that ihe circumstances mentioned, are required chiefly for *392 ^Ie purpose of giving assurance that the deed has been in existence for the requisite length of time. It is not to be- supposed, that a deed would be forged, with a view to a fraud to be committed at the end of thirty years. I think a jury ought always to be satisfied, in some way, that it has been in existence for the length of time required. If no account at all is given of the deed, but it is merely offered in evidence on the trial, then proof of possession, according to it, thirty years ago, continued to the present time, or with no inconsistent possession intervening, would naturally enough raise the presumption, that the possession was held under the deed. Under such circumstances, I think the proof of some act of possession, ought to go so far back. But if the deed be shewn to have been in existence thirty years, or for so great a length of time as to exempt it from the suspicion of having been contrived to answer the present purpose, or if there are other circumstances which exempt it from that suspicion, such as the place where it was found, with no inconsistent possession in the mean time, I should think that slight evidence of possession, even of recent date, might be sufficient. Our practice of recording deeds, will furnish some security on this subject. In the case before us, I think it was stated in argument, though it does not appear from the report, that the deed in question, was recorded soon after 1800. It does not appear that there had been any possession inconsistent with Mrs. Hen-shaw’s title, previous to her taking possession. Under these circumstances, I concur with the presiding Judge, that the evidence was sufficient to authorize the giving of the deed to the jury. No question was made in argument on this part of the subject; but it seems to be necessarily involved in the case, and as the case will come before a jury, I have thought it well to express these views respecting it.

The motion to set aside the nonsuit is granted.

Johnson, J. concurred.
Clarke & M’Dowell, for the motion.
Peareson & Nott, contra.