Allen, J.
On the trial of the action of trespass, the defendant filed several bills of exceptions to the admission of testimony offered by the plaintiff. The evidence being received, he then demurred to the whole testimony. It was objected that the record does not notice the bills of exceptions, except as they appear in the demurrer to the evidence. That shews, however, that the exceptions were regularly taken and signed, and the parlies, perhaps to avoid the trouble of reducing the evidence to writing again, embodied the bills of exceptions in the demurrer. Unless the defendant, by demurring, is to be considered as waiving his objections to the admissibility of the evidence, I think he is entitled to the benefit of his exceptions.
In Biggers’s adm’r v. Alderson, 1 Hen. & Munf. 53. 61. there was an exception to the admissibility of the evidence, and a demurrer. Judge Tucker thought the court erred in admitting the testimony, but that the error, if any, was cured by the demurrer, which he considered as a waiver of the exceptions. The evidence, as set out in the demurrer, differed from the description of it in the bill of exceptions. The variance is adverted to by the judge, but whether it influenced his opinion does not appear. The other members of the court said nothing as to this point. No authority is cited by the judge, nor have we been referred to any, which goes to sustain the proposition. The functions of a bill of exceptions are distinct from those of a demurrer. The bill of exceptions raises the question, whether the testimony is *528 competent, or conduces to the proof of the fact to he ascertained. If the court decides the evidence to he comr petent, ox that it tends to the proof of the fact to be ascertained, the party may except. The first is a question ^aw f°r the judge to determine before the evidence is received: how far it conduces to the proof of the fact, .g a quegtjon for the jury. The party by demurring withdraws that question from the jury; and refers to the judge, the application of the law to the fact, admitted or proved. Gibson & al. v. Hunter, 2 H. Blacks. 205. What is there in the nature of the two proceedings, which precludes a party from availing himself of both ? He considers the evidence illegal or irrelevant, and objects to its introduction: this has no bearing upon the application of the law to the fact which this evidence proves. Why should he be precluded, after objecting to the evidence as illegal, from still further contending, that upon the application of the law to the fact which the improper evidence proves, the party is not entitled to a judgment. The analogy derived from other pleadings justifies such a course. The defendant may demur and plead, and plead as many distinct matters as he thinks proper, although the matters of fact or law so relied, on, may be inconsistent with each other. And from a parity of reason, there would seem to be no impropriety in objecting to testimony as illegal, and contending that upon the application of the law to the fact proved by such testimony, the party relying on it is not entitled to succeed.
Several bills of exceptions were taken, but I shall only notice one. The plaintiff, having deduced a title from the original grantee to William Downman, offered in evidence a deed from Downman to the persons under whom he claimed, dated the 1st September 1789, together with an order of the county court of Charlotte, made in December 1789, certifying that the deed was proved by one of the four subscribing witnesses thereto, and proved that the deed was found by him in an old bundle of partly *529 proved deeds in the clerk’s office. This being all the .... . * . ... testimony touching this matter set out in the bill oí exceptions, the defendant objected to the paper going in evidence, and the objection was overruled. It has been repeatedly held in this court, that facts stated in one bill of exceptions cannot be noticed in considering another. Brooke v. Young, 3 Rand. 106. Crawford v. Jarret's adm'r, 2 Leigh 639. The reason of the rule is very fully stated in the first case. Here, the bill of exceptions does not refer to any of the other bills, and nothing appearing in the others can be noticed. It is contended, upon this state of facts, the deed being of more than thirty years standing, proof of its execution was unnecessary. The bill of exceptions says nothing as to the possession of the land, whether it had accompanied the deed, or whether there was any actual occupation or possession in Maitland or those under whom he claimed, or whether there was an adverse possession. The general rule is that a deed appearing to be thirty years old may be given in evidence, without proof of its execution, if the possession be shewn to have accompanied it. Nothing of this kind appearing in the bill of exceptions (nor, I may add, in the record, for Maitland is shewn to have never been in possession), Maitland contends that, in the absence of such proof, he has given such an account of the paper, as under the circumstances ought reasonably to be required of him; that the account given repels all imputation of fraud, and affords a presumption that it is genuine. In Jackson v. Blanshan, 3 Johns. 292. it was held that an ancient will stood on the same footing with an ancient deed. The court differed as to the time necessary to bring a will within the rule of an ancient paper: upwards of thirty years having elapsed from the date of the will, and possession having been held under it for twenty-seven years, Spencer, J. thought it might be read without proof of its execution; Kent, C. J. and a majority of *530 the court held that it required thirty years possession. In Shatter v. Brand, 6 Bin. 439. which was also the case of an ancient will, Tilghman, C. J. says, that though the antiquity of the writing affords some evidence in its fav'om’> Yet the main ingredient is possession. In 2 Bac. Abr. Evidence, p. 648. it is laid down, if a deed be of thirty years standing, and grantee in possession, such ancient deed shall be read without proof. Gilbert’s Ev. p. 89. says, if possession has not gone along with an ancient deed, the presumption in its favour fails, if they give no account of its execution. And Co. Litt. 6.b “ If all the witnesses to a charter of feoffment be dead, violent presumption is continual and quiet possession.” See also Earle v. Baxter, 2 W. Blacks. 1228. Doe v. Phelps, 9 Johns. 169. Carroll v. Norwood, 1 Har. & Johns. 174. The counsel for Maitland have referred us to the case of King v. Inhabitants of Farringdon, 2 T. R. 466. but the case when examined conforms to the general rule as laid down in the authorities cited. The certificate of settlement had been granted more than thirty years, and the pauper, and his widow after his death, had resided under it in the parish of Farringdon: Ashhurst, J. relies on the fact, that it had been acted under and recognized for so long a period. Butter and Grose, J. merely advert to its age. The case shews what would be equivalent to possession in a conveyance of land. The case in 1 Dallas 14. is briefly reported. The plaintiff produced a deed bearing date sixty-three years before, and appearing ancient, but possession had not accompanied it; a witness was examined who had been well acquainted with one of the subscribing witnesses, had seen many deeds and papers believed to have been signed by him, and from this believed his name to the deed to be his handwriting, but never had seen him write. The court, on debate, thought this sufficient proof of the deed, considering its antiquity. The proof of execution was not dispensed with; the antiquity of the deed alone was not *531 held sufficient. The only case where a contrary doctrine has been established is the case of Jackson v. Garoway, 3 Johns. Ca. 283. Radcliff, J. (with whom amajority concurred, Kent dissenting) says, the english authorities on this subject plainly distinguish between an ancient deed supported by possession, and by other circumstances. But the authorities to which he refers, so far as I have examined them, do not sustain him. They will be found, as Kent remarks, to be mere loose dicta, that an ancient deed proves itself, and are silent as to the circumstance that possession must have accompanied it; but wherever we can discover the facts of the case in which these sayings occurred, we perceive that possession was an ingredient in the case. The whole current of authority shews that possession must have accompanied the deed. The rule is one of public policy, which cannot be relaxed without endangering titles. The mere production of a paper appearing ancient, of itself, furnishes but slight proof of its authenticity ; if manufactured for the purpose, it would be difficult in most instances to prove fraud. But where quiet and long possession comes in aid of it, the presumption of fraud is repelled. With Tilghman, C. J. (in the case cited from Binney) I look upon the possession as the main ingredient to justify its admission without proof of execution.
I think, therefore, on the facts set out in the bill of exceptions, the court erred in permitting this deed to go in evidence. This view of the case renders it unnecessary to consider the other questions which were argued. If the deed from Doionman was not admissible, no question of seisin, actual or constructive, arises. If Maitland had no deed, the jury were not authorized to infer any seisin or possession from. it.
The order of the circuit superior court denying the supersedeas to the judgment of the county court, is to be reversed with costs. And the court, proceeding to make *532 such order as the circuit superior court ought to have made, awards a supersedeas &c.
In the ejectment between the same parties for the same land the title to which came into controversy in the action of trespass, Maitland, after deducing title from the original grantee to William Downman, offered his deed in evidence, and in addition to the matters stated in the bill of exceptions taken in the trespass case, he proved that he made diligent enquiry after the subscribing witnesses, and could get no account of them, except that they had died many years ago, and that he had endeavoured in vain to find some person who could prove the handwriting of the subscribing witnesses or one of them. It further appeared, that no one lived on, or was in the actual possession of, the land mentioned in the deed, from the date thereof until the defendant took possession of it within the last four or five years, and it did not appear, .that the said Downman, or others claiming under him, set up any claim to the land in opposition to the deed. And this being all the testimony, the court admitted the deed. The objection to its reception was even stronger than in the action of trespass. There the bill of exceptions was silent as to possession ; here, it is expressly stated, that no possession went with the deed. For the reasons already assigned, I think that was essential before proof of its execution could be dispensed with.
The judgment must be reversed, the verdict set aside, and a new trial awarded, on which the deed from Down-man is not to be admitted as evidence upon the proof stated in the bill of exceptions.
Since the foregoing opinion was prepared, we have had the benefit of a re-argument on the first point. It has confirmed me in the correctness of my first impressions. The industry of the counsel has not enabled them to discover any case in which it has been held, *533 that the demurrer was a waiver of the bill of exceptions. The silence of the books is a persuasive argument against the proposition. We have been referred to two cases in which the point might have been made and decided, but was not considered by the court. The first is the case of Hyers v. Wood, 2 Call 574. It was a writ of right: on the trial, the demandant excepted to the introduction of evidence to prove nontenure, and also tendered a demurrer to evidence, in which the tenant refused to join; and the demandant excepted to the decision of the court refusing to compel the tenant to join in demurrer. It was contended there, in argument, that the demandant, by tendering the demurrer, waived the exception. The court did not notice the point, but sustained the decision of the court below in both respects. But it is to be remarked, that the question principally considered, was that presented by the bill of exceptions to the admission of the testimony. If the court had supposed the demurrer waived the exception, this was unnecessary. In Ware v. Stephenson, 10 Leigh 155. the plaintiff offered a witness, who was objected to as incompetent, and the objection being overruled, the defendant excepted, and subsequently demurred to the evidence. The court gave judgment on the demurrer for the plaintiff. Tire questions arising on the exception and the demurrer were both argued. Judge Stanard held the witness to be competent, but that on the demurrer the law was for the defendant: and with him Cabell, J. and Tucker, P. concurred. Brooke, J. considered that the law on the demurrer was for the plaintiff, but did not advert to the question of competency presented by the bill of exceptions. The only case therefore which looks like an authority, is the case of Biggers’s adm’r v. Alderson, 1 Hen. & Munf. 54. A nd there the question, in truth, did not arise. The defendant first offered improper testimony; the plaintiff, to counteract it, *534 offered evidence equally inadmissible, to which the defendant excepted; and then the defendant demurred. Judge Tucker, in reviewing the case, shews that upon the whole evidence, excluding the improper evidence offered by the plaintiff to rebut the illegal evidence of the defendant, and giving to the defendant the benefit of his illegal testimony, the plaintiff was entitled to a judgment; and the other judges concurred. The questions arising upon both exception and demurrer were argued; nothing was said about one being a waiver of the other. The judge, it is true, said the demurrer was a waiver of the bill of exceptions; but it is manifest this was a loose expression not well considered. His attention was not drawn to the question, or the distinction between the two proceedings. For he remarks, that on a demurrer to the evidence, the court might disregard what was impertinent to the issue, or otherwise inadmissible: thus confounding one with the other, for if upon the demurrer the court will disregard inadmissible testimony, there would be no necessity for the exception. But the bill of exceptions is the act of one party, and denies the admissibility of the evidence tendered : the demurrer is the act of both, and presents the question of the sufficiency of the evidence received. The expression of the judge is a mere dictum, not entitled to the weight of an authority. It has been urged that no injustice will be done to the party by holding the demurrer to be a waiver, for if he wishes to rely on his exception, he may move for an instruction. The answer is obvious; the jury may find against the instruction, and the only remedy is a new trial; and after two new trials, the power of the court is at an end. His only protection against the prejudices of a jury may be the power to withdraw the application of the law to the facts proved by the evidence, from their determination. By demurring he subjects himself to the hazard of ad *535 mitting as facts, every thing a jury might have inferred from the evidence. But that evidence should be legal; and its legality can only be enquired into upon an exception tO its introduction.
The other judges concurring, both judgments were reversed.