By the Court.—Monell, J.*
It is understood that the order in this case was made upon two grounds: First, that it sufficiently appeared that no work was done nor materials furnished upon the premises designated in the notice; and second, that the lien docket has not been properly renewed, namely, that it did not appear that a new docket has been made by the clerk, stating the renewal of the order of the court.
Section 10 of the mechanic’s lien law (Laws of 1863), p. 863), prescribes the various modes in which the lien may be discharged, neither of which was pursued in this case; and the order discharging the lien in this case cannot, therefore, be sustained, under any provision of the statute.
But it is supposed that, independently of the statute, the court can exercise such control over actions pending in it as to direct their discontinuance for reasons other than such as are specified in the statute, if such reasons are in themselves otherwise sufficient. And such probably is the power of the court; but the reason must be one applicable to all cases pending in the court, and not peculiar to any class of cases. In other words, the power must be exercised under general rules governing all cases.
In this case, the learned justice who decided the motion assumed to determine upon affidavits a material and perhaps the most material question of fact in the case, and not upon any proof of the fact in the affi *131 davits, but merely upon the assertion that it appeared from the testimony before the referee, without giving the testimony itself.
One of the questions in the action which the referee was empowered to determine, was the very question which the court, upon this motion, undertook to determine in a summary way, upon ex-parte affidavits and upon hearsay evidence.
That could not be done. It was invading the premises of the referee, who, having got possession of the case, could not be interfered with in that way.
The second ground upon which the decision was placed is equally untenable.
Section 11 of the act provides that liens shall cease after one year, unless, by order of the court, the lien is continued, and a new docket made, stating such fact.
It is not disputed that the order made by this court continuing the lien was in all respects sufficient, both in point of time and manner of making, but, according to the learned justice below, it did not appear that a new docket had been made by the clerk.
Upon a motion of this kind, which was not founded upon any of the reasons for a discharge contained in the statute, the burthen was upon the moving party to furnish another reason, sufficient in law, for granting the relief sought. That was not done in this case. The defendant's allegation was merely that “ the'lien has not been renewed according to law, and that more than a year has elapsed since the lien was filed.”
This general allegation, unsupported by any fact, was wholly insufficient. It does not prove any thing; certainly not that a new docket had not been made. And the learned justice must have been of the opinion that the burthen rested on the plaintiff to show a subsisting lien. That might possibly be so if he was the moving party. It is not so, when the owner is seeking to have the lien discharged.
*132 But apart from this, every presumption is in favor of the performance of official duty. It was for the county clerk to make a new docket, as required by the statute, and the law will presume that he performed his duty.
It was proved that the order continuing the lien was duly filed with the county clerk by the plaintiff. With that the plaintiff’s duty ceased. It then became the duty of the clerk to make the entry, and we must intend that he did it (Hartwell v. Root, 19 Johns., 345 ; People v. Carpenter, 24 N. Y., 86).
The order should be reversed, with costs.
Barbour, Ch. J., and Jones, J., concurred.
Order reversed.

 Present, Barbour, Ch. J., and Monell and Jones, JJ.