WITBECK, appellant, v. VAN RENSSELAER.

*Ejectment — writ of possession in — Presumption as to levy — time of levy — Redemption after re-entry.*

Upon a judgment for re-entry in an action of ejectment for the non-payment of rent, an execution directing the delivery of possession, was issued January 17, 1867, under which, on May 10, 1867, the sheriff entered upon the premises in controversy, which were yielded up by the occupant peaceably, and placed plaintiff in possession. After this defendant took forcible possession of the premises, and another execution was issued directing the sheriff to put plaintiff in possession, etc., under which the sheriff acted.

*Held,* (1) that, in the absence of evidence, the presumption was that a levy under the first execution was made within sixty days from its issue ; and, (2) that, as the judgment and not the execution constituted the lien on the property, the execution could be carried out after the sixty days.

*Held,* also, that, as the judgment determined plaintiff's right to re-enter the premises, he might enter without a writ, and having taken peaceable possession on the 10th of May, the time within which defendant was entitled to redeem, under 2 R. S. 506, § 34, then commenced to run.

APPEAL from a judgment of the special term dismissing the complaint without costs to either party. The action, which was an equitable one, was brought in Rensselaer county, by William Witbeck against William P. Van Rensselaer and others, to redeem certain premises in the town of East Greenbush in said county, from the operation and effect of a judgment in ejectment obtained by said Van Rensselaer against plaintiff, in July, 1863, for the non-payment of rent due under one of the covenants of what is known as a "manor lease," of which plaintiff was assignee. Such other facts as are material appear in the opinion.

*R. A. Parmenter,* for appellant. The execution could not be legally enforced on the 10th of May, more than sixty days after its receipt by the sheriff having elapsed. Code, §§ 285, 286, 289, 290 ; Crocker on Sheriffs, § 554 ; *Kingston Bank* v. *Eltinge,* 40 N. Y. 391–394 ; Adams on Eject. 346, note 1. The six months' statute of limitations, as to redemption, does not apply to an indenture made since 1787. *Van Rensselaer* v. *Dennison,* 35 N. Y. 393, 400 ; *Van Rensselaer* v. *Chadwick,* 24 Barb. 333 ; *Lyon* v. *Chase,* 51 id. 13.

*Matthew Hale* and *Samuel Hand,* for respondents.

BOARDMAN, J.   Plaintiff was the owner, subject to reserved rents, of certain premises in East Greenbush.   By reason of the non-payment of the rent, the defendant Van Rensselaer, who was the owner of the rents reserved, brought ejectment and recovered judgment for re-entry.   On the 10th of May, 1867, the defendants claim to have taken possession of the premises under a writ of possession executed by one Griggs, a deputy sheriff.   Afterward the plaintiff resumed possession of the land and another writ was issued, and during the attempt to execute it, Griggs, the deputy, was killed. Soon after a further writ was applied for when the plaintiff made a tender of rents due, claiming that the judgment in ejectment had never been executed, and that his redemption was good and effectual as against the judgment for re-entry under 2 R. S. 506, §§ 33, 34.

The tender not having been accepted, the plaintiff brings this action in equity to redeem the farm from forfeiture under the right of re-entry.   The judge at special term dismissed the complaint, holding that the tender was sufficient, but not in time, because more than six months had elapsed after said May 10, 1867, before such tender was made, and plaintiff's equity of redemption was thereby barred.

The plaintiff insists that the vitality of the writ of possession was spent prior to the 10th of May, 1867.   It was issued to the sheriff on the 17th of January, 1867, and was returnable in sixty days thereafter.   The writ was therefore executed (if at all) more than sixty days after it was issued.

In reply, it is suggested that it will be presumed, in the absence of evidence, the sheriff began the execution of the process within the sixty days.   Such is the rule in regard to executions for the collection of money.   A levy in time will be presumed where the sale takes place after the sixty days in the absence of any evidence. *Hartwell* v. *Root,* 19 Johns. 345; *Jackson* v. *Shaffer,* 11 id. 517. By analogy, the same presumption may and should exist in this case.

But a further and stronger answer is made.   In executions for the sale of real estate, no levy is made or required, for the reason that the judgment itself constitutes the lien.   But the land may be sold on the execution after the return day is passed.   So in this case, the judgment gives in terms the right of re-entry and possession.   The only office of the execution or writ is to enforce such right.   The lien is not created by a levy, the right to dispossess is

not the outgrowth of the writ, but the writ is the visible authority for doing in fact what the judgment determines as done in law already.    The position of the parties to the writ is the same before the return day as after.    No greater reason can exist why this writ should be executed in whole or in part within the sixty days than must arise on an execution for the sale of real estate.    *Wood* v. *Colvin*, 5 Hill, 230.    It would seem, therefore, that the two writs are analogous, and that both may be fully executed after the return day therein named.

If any doubt can exist as to the correctness of the foregoing conclusions, another consideration would seem to set such doubt at rest. The judgment in ejectment determines that the plaintiff in such action is entitled to re-enter upon the premises and to have possession thereof.    By virtue of such judgment, the plaintiff therein having peacefully obtained possession, he may hold it.    "When a man, having a title to an estate, comes to the possession of it by lawful means, he shall be in possession according to his title."  *Taylor ex dem. Atkyns* v. *Horde*, 1 Burr. 60, 88, 90.   "The demandant after judgment in a common recovery may enter or take out execution at his election," when the demand is certain.    Id.    Again, "the lessor in ejectment may enter after judgment without a writ of possession," and it is no trespass while the judgment continues in force. *Jackson* v. *Haviland*, 13 Johns. 234.    See, also, *Withers* v. *Harris*, 1 Salk. 258; Adams on Eject. 339.    If then the judgment and execution had been fully executed, though informally or without the aid of legal power, on the 10th day of May, 1867, such possession set the time to run within which the redemption must take place.    Whether the execution had spent its force or not, it was used for the purpose of giving possession to the plaintiff in ejectment or his assignee and the design of the judgment, the execution and the law having been thus fully executed, six months' neglect to redeem thereafter bars and forecloses all relief or remedy in law or in equity.    2 R. S. 506, § 34.

It having been thus determined that the writ of assistance in the hands of the sheriff on the 10th day of May, 1867, could be lawfully executed, it remains to be decided whether the plaintiff in the ejectment judgment or his assignee was on that day put in the possession of the premises so as to constitute a re-entry within the meaning of the Revised Statutes.

The learned judge who tried the action at special term has

found that such possession was given, and re-entry made upon the 10th day of May, under the authority of the sheriff and by virtue of the writ of assistance in the sheriff's hands. In the opinion contained in the case and accompanying his decision, he has reviewed the evidence touching the nature and extent of the possession taken, and justified the findings of fact by him made. I am content to adopt his opinion in that respect. The evidence, findings and opinion alike concur in satisfying me that possession was taken and re-entry was made, as fully and perfectly as was practicable or necessary in order to set the short statute of limitations running. . Though the plaintiff in this action was informed of the fact, he disregarded it, and at a subsequent time substituted force in the attempt to retain his illegal possession of the premises. Baffled in his attempt to defy the law and its officers, he at last tenders a satisfaction and invokes a court of equity to save him from forfeitures already incurred.

The two leading points alleged by plaintiff as erroneous, the execution as to its vitality and the re-entry made thereunder, have been considered and found against the plaintiff. Other questions have been suggested. They are incidental to those already discussed. The disposition of the main questions carries them also. They are so far immaterial as to avail nothing in the view of the case heretofore taken. . .

Believing the decision of the learned judge at special term a fair result from the evidence, justified by the law and consistent with equity and good conscience, the judgment appealed from should be affirmed, with costs.

*Judgment affirmed.*