WILLIAM H. ENSIGN AND OTHERS, PLAINTIFFS, v. JOHN L. McKINNEY AND OTHERS, DEFENDANTS.

| 30 249 |
| 132a 414 |

*Evidence — presumption that public officials have discharged their duty — ancient deeds — admissibility of, in evidence — when the existence of a power of attorney may be inferred from other facts.*

Upon the trial of an action of ejectment a deed, executed and recorded forty-eight years before, was offered in evidence by the plaintiffs. It was executed by one of the grantors personally, and by him as the attorney in fact for the others. The officer taking the acknowledgment stated that the grantor so executing the deed was personally known to him to be the person who did so, and that he acknowledged that he executed the same as his act and deed, as well as the act and deed of the other grantors.

*Held,* that the presumption was that neither the officer taking the acknowledgment, nor the county clerk recording the deed, would have respectively performed and verified such official acts had there not been presented to them legal proof of the existence of a written power of attorney, executed by the other grantors under their hands and seals.

*It seems,* that an ancient deed, over thirty years old, is admissible in evidence

upon its bare production, without proof of acts of possession under it being first given.

The facts of this case stated and held to entitle the plaintiffs to have them submitted to the jury, with instructions that they should decide whether or not from such facts, and the inferences and presumption arising therefrom, the existence of a valid power of attorney was established.

EXCEPTIONS ordered to be heard at the General Term in the first instance, after a judgment of nonsuit, entered in Cattaraugus county.

*E. D. Northrup* and *E. Darwin Smith*, for the plaintiffs.

*Mr. Bolles*, for the defendants.

MACOMBER, J. :

The action is ejectment for the recovery of certain real estate of which the defendants are in possession. The plaintiffs' title is derived immediately from Seth Rowley, to whom the premises are claimed to have been conveyed by Benjamin Chamberlain, Alpheus Hawley, Jesse Morrison, and Josiah Hall and James Hall. The deed to Rowley was executed by Josiah Hall in behalf of himself and as attorney in fact for the other grantors, February 2, 1833, and was recorded in the proper clerk's office. There was, however, no written power of attorney to Josiah Hall produced upon the trial nor any record of it nor any direct evidence given that the same ever existed. The court, for that reason, excluded the deed as evidence and refused to permit the plaintiffs to go to the jury upon the question whether or not such power of attorney existed at the time of the execution of the deed.

Under the proofs in the case it was established, that on the 17th of August, 1831, the State of New York agreed to sell to Alpheus Hawley, a tract of land conveyed by the Holland Land Company to the State, located in Cattaraugus county, supposed to contain 100,632 acres, for the sum of $28,210.26, and on the 16th of September, 1831, the State executed to him a certificate of sale thereof. In December of the same year Alpheus Hawley sold an undivided three-fifths of the land to Benjamin Chamberlain, James Hall and Josiah Hall. On the 22d day of November, 1834, an agreement of partition was made between all the parties interested in the land, including Jesse Morrison. This agreement contained a clause making it subject to all the sales, both by deed and contract, that

had been made previous thereto. The residue of the evidence in the case in behalf of the plaintiffs, and which was offered for the purpose of showing that the deed to Rowley was duly executed by Hall for himself and as attorney in fact for the other grantors, was to the effect that Chamberlain, Morrison, Josiah and James' Hall were engaged as copartners in the lumbering and land business under the name of The State Land Company, in the years 1832, 1833, 1834 and 1835, having in the county of Cattaraugus upwards of 100,000 acres of land mentioned in the patent; that Josiah Hall was an attorney at law and had charge of the interests of the company and acted as the attorney of the company. It was also shown that the company had an office at Great Valley, where the books, records, maps, and field notes were kept; that all the members of the partnership took part in the selling of lands, frequently meeting to discuss prices, and directed from time to time deeds to be given after full payment and accounting for the receipts of the considera-tion moneys; that Josiah Hall prepared the form of the blanks for deeds. Alonzo Hawley testifies that Josiah Hall was accustomed to make like deeds at about the time of the date of this deed, that he knew he was deeding lands, and that he was on several occasions a witness to the deeds executed in the manner that this one was. These sales and deeds, the witness says, he reported to the parties and kept them posted as to what land was sold. He further says he thinks that the rest of the company did not execute any deeds in those years, and knew of no person executing any deed except Mr. Hall and himself.

Plaintiffs also offered in evidence a deed from Benjamin Cham-berlain to Alpheus Hawley, dated November 19, 1835, conveying an equal undivided half of lands described in the deed, except such as were marked "sold" on a map annexed. It appears that among those that were marked upon this map as sold, which was put in evidence, was the land conveyed to Seth Rowley. This was objected to by the defendants' counsel and excluded. Three other deeds were also offered in evidence, one to John Hurlbert, another to Samuel S. Clark and a third to Grove Hurlbert, executed in the same manner that the one now in controversy was. These were also excluded.

It further appears that before making the partition deed above

mentioned, the original part owners of the land had a full account-
ing between themselves, and the balance sheet was struck and the
accounts all adjusted, and that the partition was made upon the
basis of such accounting. Proof was also given of a thorough search
for the power of attorney under which Mr. Hall was supposed to
act, but it was unavailing. The court having excluded the deed to
Rowley, it followed as matter of course that all subsequent deeds
from Rowley should be excluded also.

It thus appears that no power of attorney to Josiah Hall was
recorded in Cattaraugus county either before or after the execu-
tion of the Rowley deed, nor is it shown that such a power of attor-
ney as an existing instrument in writing, under the signature and
seal of the principal as the statute requires (2 Edmond's Ed., 139,
§ 6), ever existed. Nevertheless, we think that it was error for the
trial court to withhold the deed to Rowley from the consideration
of the jury.

The plaintiffs were entitled to prove the existence of the power
of attorney by secondary evidence, and we think that the facts
which were received in evidence and which were offered upon that
question and excluded, made such a case as that the jury could be
warranted in finding as matter of fact, that Josiah Hall acted under
a legal power of attorney. The fact that the power of attorney
existed is asserted upon the face of the deed itself. In *Jackson ex
dem. Livingston* v. *Neely* (10 Johns., 374) the deed recited the
power of attorney and it was held that a subsequent purchaser had
notice thereof by reason of its recital in the deed.

It has frequently been held that one partner may bind the rest
of the firm by deed, executed in behalf of the firm under a parol
authority or a subsequent parol adoption or ratification of the act.
(*Gram* v. *Seton*, 1 Hall's R., 262; *Skinner* v. *Dayton*, 19 John., 513.)

The deed was sufficiently proved as to Josiah Hall as a party to
it in his own behalf, and not only did it contain the assertion of the
power of attorney, but the instrument itself was admitted to record
by the county clerk in February, 1833. The officer taking the
acknowledgment of Hall both individually and as attorney in fact,
properly certifies that Hall was personally known to him to be the
same person who executed the deed and acknowledged the same as
his act and deed as well as the act and deed of Chamberlain, Hall,

Hawley and Morrison. It will, as it seems to us, be presumed in this case, as it frequently is, that a public officer does his duty, and that neither the officer taking the acknowledgment nor the county clerk receiving the deed of record would have verified such official acts respectively had there not been present before them legal proof, which in this case would be an instrument in writing under the hands and seals of the principals, of the existence of such power of attorney, inasmuch as a long period of time had elapsed since the execution of the instrument, namely, forty-eight years, at the time of the trial.

In *Forsaith* v. *Clark* (21 N. H. [1 Foster], 409), it was held that in the case of an acknowledgment which purported to have been taken before a justice of the peace in Massachusetts, the presumption was that the register of deeds had sufficient evidence of the official character of the magistrate to entitle the deed to be recorded in New Hampshire. The court says: the register of deeds may have had plenary evidence of the official character of the magistrate at the time he recorded the deed, and that evidence is now lost. Every presumption is to be made in favor of the legality of the record after such a lapse of time.

Says Wharton in his work on Evidence, section 1318 : " The acts of an executive officer of the government (*e. g.*, sheriffs, registers, treasurers, surveyors) are presumed to be regular, so far as to throw the burden of proof on the party collaterally assailing such acts on the ground of irregularity." The officer is assumed *prima facie* to have done his duty till the contrary is shown, and when the acts relate to the cases where a registry is established by law, the question is one of the burden of proof. " Documents so protected by age and safe keeping are, *prima facie*, receivable in evidence ; and the burden is on him who would resist their admission." (Section 1359 ; *Wood* v. *Terry*, 4 Lans., 80 ; *Cooper* v. *Bean*, 5 id., 318 ; *Lucas* v. *Baptist Church*, 4 How., 353 ; *Hartwell* v. *Root*, 19 Johns., 345 ; *Wood* v. *Morehouse*, 45 N. Y., 368.)

When an instrument is over thirty years of age, which is frequently declared to be a period at which an instrument becomes an ancient deed, it is admissible in evidence upon its bare production, says Greenleaf on Evidence, section 21. See also Cowen and Hill's Notes (second volume, note 882, page 1269), where it is

declared that a power to execute a deed will in many cases be presumed. (*See Doe ex dem. Clinton* v. *Phelps*, 9 Johns., 169; *Same* v. *Campbell*, 10 id., 475.)

In the two cases last cited possession under the deeds was shown; but whether the plaintiff is bound first to show some acts of possession under deed is, says Greenleaf, " a point not perfectly clear upon the authorities; but the weight of opinion seems in the negative." (Sec. 21.) In note to section 144 (13th ed.) it is further stated that the weight of authority at present seems clearly not to require such proof; " and it is now agreed that, where proof of possession cannot be had, the deed may be read, if its genuineness is satisfactorily established by other circumstances," citing among other cases *Jackson* v. *Laroway* (3 Johns. Cas., 283, 287); *Jackson* v. *Luquere* (5 Cow., 221, 225); *Jackson* v. *Lamb* (7 id., 431); *Hewlett* v. *Cock* (7 Wend., 371); *Willson* v. *Betts* (4 Denio, 201).

The plaintiffs, we think, had the right to have all the facts which were proved, and which were offered to be proved, submitted to the jury for their consideration, and it was for them to say whether such facts and such inferences as they should properly adduce therefrom, together with such presumptions of law as they should be instructed existed, established the existence of a valid power of attorney in Josiah Hall to execute the deed to Rowley in behalf of his associates.

Moreover, the partition agreement between the owners (exhibit A, of the printed case), by this clause, namely, " the above described tracts being subject to all sales, both by deed and contract, made previous to the date hereof," taken in connection with the map and the other evidence above referred to, is a recognition of the regularity and validity of the Rowley deed, or at least a proper case was presented by it for the jury to find such recognition and ratification by the principals.

It follows that the judgment must be reversed and a new trial ordered, with costs to abide the event.

Present — SMITH, P. J., HARDIN and MACOMBER, JJ

Judgment reversed and new trial ordered, costs to abide event.