Joseph Silverman, trading as Joseph Silverman & Co., *v.* W. E. Rumbarger and C. M. Mead, trading as W. E. Rumbarger, Appellant. ·

*Evidence—Presumption of legality—Burden of proof.*

It is a presumption of law that every one has conformed to the law and the burden is upon him who alleges the contrary.

*Sale—Illegal business—Burden upon him alleging illegality.*

The plaintiff who had sold whisky to defendant, testified that he was a wholesale liquor dealer in Ohio where the contract was made; this was prima facie proof that he was lawfully carrying on that business and the burden was upon defendant to show that he had a right to take, use and not be compelled to pay for the property purchased because plaintiff was carrying on a traffic illegal in the state of Ohio.

Argued Feb. 11, 1897. Appeal, No. 37, Feb. T., 1897, by defendant, from judgment of C. P. Clearfield Co., May T., 1895,

440    SILVERMAN & CO. *v.* RUMBARGER, Appellant.

Statement of Facts—Assignment of Errors. [4 Pa. Superior Ct.

No. 28, on verdict for plaintiff.    Before WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.    Affirmed.

Assumpsit for goods sold and delivered.    Before MESTRE-ZAT, P. J., specially presiding.

The action was brought by the plaintiff, a resident of Cincinnati, Ohio, where the contract was consummated, to recover on account of several barrels of whisky sold by plaintiff to defendants.

The plaintiff's testimony disclosed that he was engaged in the wholesale liquor business in the city of Cincinnati.    One of the defendants, C. M. Mead, denied the partnership.    The court left the case to the jury on the question of partnership.

Verdict for plaintiff for $322.60.    Defendants moved in arrest of judgment on the ground that the plaintiff had not affirmatively proved that he had a license to deal in liquors.    This rule was discharged by the court below.    Judgment for plaintiff. C. M. Mead appealed.

*Errors assigned* were (1) in admitting the following question offered on behalf of the plaintiff: " Q. At the time you sent this order into the house state whether or not you communicated Mr. Mead's conversation to the plaintiff in this case?"    (2) in refusing binding instructions for defendant; (3) in overruling defendant's motion in arrest of judgment, which motion and ruling thereon are as follows: " And now May 14, 1896, the defendants by their attorney move in arrest of judgment and for judgment non obstante veredicto, for the following reasons: 1. Under the evidence in the case the sale of the liquors in question was in direct violation of the Act of April 12, 1875, section 8, P. L. 40, and a recovery is prohibited by the 7th section, Act of May 8, 1854, P. L. 663, which reads as follows: ' No action shall be maintained or recovery had on any case for the values of the liquors sold in violation of this or any other act, and defense may be taken in any case against such recovery without special plea or notice.'    2. Under the pleading and the evidence no right of action is disclosed."

Ruling of the court on the above motion.    "And now November 23, 1896, this matter came on to be heard and was argued by counsel.    And now December 1, 1896, after consideration

thereof the rule to show cause why judgment should not be arrested, etc., is discharged, and it is further ordered and directed that upon payment of the jury fee judgment be entered on the verdict."

*A. L. Cole*, with him *H. A. Moore*, for appellant.—An action on a transaction prohibited by statute cannot be maintained although a penalty be imposed and the transaction be not declared void: Thorne v. Ins. Co., 80 Pa. 15.

The defendant contends that the inception of the contract in this case is in direct violation of the 8th section of the Act of April 12, 1875, P. L. 40; also in violation of the 2d section of the Act of April 14, 1863, P. L. 389. That defense might be taken in this case without special plea is established by the 7th section of the Act of May 8, 1854, P. L. 663.

If a controversy arises in our own courts on a contract made in another jurisdiction prima facie it is to be governed by the law of this state; and if it is claimed that the law of the place of contract establishes a rule unknown to our law such foreign law should be proven: Bennett v. Cadwell's Exrs., 70 Pa. 253.

The law of another state upon a subject coming under notice in the trial of a cause will be presumed to be the same as the law of this state upon the same subject: Bollinger v. Gallagher, 170 Pa. 84.

*W. C. Pentz*, for appellee.—If no place be designated by the contract, the place of sale is the point at which goods ordered or purchased are set apart and delivered to the purchaser, or to a common carrier, who for the purpose of delivery represents him: Perlman & Co. v. Sartoris, 162 Pa. 320.

The contract being consummated in Ohio, does not violate our liquor laws: Com. v. Munk, 1 Pa. Superior Ct. 479; Com. v. Hess, 148 Pa. 98; Com. v. Fleming, 130 Pa. 138; Braunn v. Keally, 146 Pa. 519.

It is a presumption of law that everyone has conformed to the law, and the burden of proof is on him who alleges the contrary; 19 Am. & Eng. Ency. of Law, 42; Schum v. Railroad Co., 107 Pa. 8; Horan v. Weiler, 41 Pa. 470.

There is no presumption that the penal statutes of a foreign

state are the same as our own: Cutler v. Wright, 22 N. Y. 472; Harris v. White, 81 N. Y. 532; Grider v. Driver, 46 Ark. 50.

OPINION BY REEDER, J., April 12, 1897:

This action was brought in the court below to recover a balance upon an account for several barrels of whisky sold by plaintiff to defendant. The appellant claims that the court erred in submitting the case to the jury because the plaintiff could not recover until he showed affirmatively that he had a license to deal in liquors. This contract was undoubtedly consummated in the city of Cincinnati in the state of Ohio where the plaintiff testifies he was engaged in the wholesale liquor business. These goods were there when they were sold to the defendant and were delivered to a common carrier, consigned to him, the freight to be paid by the defendant. The plaintiff produced evidence to show that he was engaged in the wholesale liquor business in the city of Cincinnati. This prima facie was proof that he was lawfully carrying on that business and the burden was upon the defendant to show that he had a right, to take, use and not be compelled to pay for his property because he was carrying on a traffic illegal in the state of Ohio. "It is a presumption of law that everyone has conformed to the law, and the burden is upon him who alleges the contrary:" 19 Am. & Eng. Ency. of Law, 42. Even though this was a Pennsylvania contract the presumption would be with the plaintiff and the burden upon the defendant to show that the goods were sold in violation of law because of the plaintiff not being a licensed dealer. Justice THOMPSON in Horan v. Weiler, 41 Pa. 470. "They might recover without producing their license and of course without saying anything about it in their narr. The cases cited by the appellee prove the rule that a breach of law will not be presumed against anyone, and that the presumption is to the contrary until proof overcomes it: 1 Greenleaf, 411; 1 Barn. & Ald. 463; 10 East, 216; 19 Johns. 345; 12 Wheat. 69; and that he who alleges the contrary must prove it, 3 East, 199."

Judgment affirmed.