Curia.

This cause comes before .the Court on exceptions to the judge, before whom the issue was tried, for admitting illegal evidence. The demandant counts on his own seisin within twenty years, and on a disseisin by the tenant. On the trial of the general issue, it appeared that the demandant’s title, under which he claimed, was, that the proprietors of the Kennebeck Purchase were once seised in fee of the tenements; that they conveyed the same in fee to James Pitts, father of the demandant; that, on the death of James Pitts, his lands were distributed among his children by a decree of the Probate Court; that in the distribution the tenements were assigned to *the demandant, in fee and [ *539 ] in severalty; and that, under that decree, he entered as co-heir, and was seised as he had counted. The seisin of the proprietors was admitted ; and the demandant, to prove his father’s seisin, offered in evidence a copy of the record of the proprietors, by which the tenements were granted to his father in fee. The admission of this copy was objected to; but, on the demandant’s producing the decree of distribution, and proving his entry under it, the objection was overruled. The objection was founded on the demandant’s not showing that the grant was made at a legal meeting.
Regularly, all grants of proprietors, not made at a meeting legally called and holden, are void. But it is the established practice to admit in evidence copies of ancient proprietary grants, without proving the meeting; because it was not the usage formerly for proprietors’ clerks to record the warrants, or notifications, for calling the meetings. In the present case it does not appear, in the exceptions, at what meeting the grant to the demandant’s father purported to be made ; we cannot therefore decide that the admission of the copy of the record is conformable to the practice.
Mellen and Perley for the demandant.
The Solicitor-General and Rice for the tenant.
Enough, however, does appear from the exceptions to show that the verdict is right, and ought not to be disturbed. It is stated that the demandant in fact entered under the decree of distribution, claiming the tenements in fee simple. This is primó, fade evidence of the seisin on which he has counted ; and a subsequent entry on him by any person, claiming the land without right or title, and ousting him, is a .disseisin. The tenant, by his plea, admits that he has the freehold, and he shows no right or title to make the entry. He is therefore a disseisor, and there must be

Judgment according to the verdict.