ALBANY,
August, 1808.

Jackson
v.
Blanshan.

Jackson, *ex dem.* Burhans, and Brachie, his wife,
*against* Blanshan and Blanshan.

In order to entitle a will to be read in evidence, as an *ancient deed*, without further proof than its production, it must be at least 30 years old, from the death of the testator; for the age of the will must be computed from the time of the testator's death, and not from its date. Thus, where a will dated in 1770, and a possession of the land was taken under it, and held from 1780, (when the testator died) for 27 years, was not allowed to be read in evidence, without proof of its execution. Where A. devised "all his estate, real and personal, to his six children, to be equally divided between them, share and share alike, but if any of them died before arriving at full age, or without lawful issue, that then his, her or their part or share, should devolve upon, and be equally divided among the surviving children, and to their heirs and assigns forever:" This was held to be a good devise over, by way of executory devise: and that the share of one of the sons who died without issue, after the death of four of the other children who left issue, went to the only surviving child.

THIS was an action of ejectment, for lands in the town of *Hurley*, in the county of *Ulster*. The cause was tried before Mr. Justice *Spencer*, at the *Ulster* circuit, in 1807.

The lessors of the plaintiff claimed title under the will of *Matthys Blanshan*, the father of *Brachie*, one of the lessors of the plaintiff. It was proved that the defendants were in possession, and that the premises in question were part of the real estate of the testator, who died in 1780 or 1781, leaving six children, all of whom were dead, except *Brachie*, and all left issue, except *Matthew;* that *Matthew* died in 1804, and for several years prior to his death had not been in possession ; and it was admitted, that he had mortgaged the premises to the loan-officers of *Ulster*, by whom they were sold, and under whom the defendants claimed title.

The will of *Matthys Blanshan*, dated the 21st of *April*, 1770, was offered in evidence, and objected to, unless proved by a subscribing witness. It appeared that one of the subscribing witnesses was dead, that another was *non compos*, and that the third lived at *Poughkeepsie*, and no reason was shown why he was not produced. The will was, therefore, rejected.

The plaintiff then offered to prove that five-sixths of the real estate of the testator in *Hurley*, had been held under the will. This was overruled by the judge, as not sufficient to entitle the will to be read in evidence.

The plaintiff then proved that the children of *Matthys Blanshan* divided his real estate, after his death, into six equal parts, and that *Matthew* took the premises in question for his share, and the children said that it was run out, ac-

ALBANY,
August, 1808.

Jackson
v.
Blanshan.

cording to the will, and all the children were present, except *Brachie*, who had exchanged lands with one of the sons, *Johannis*, and given up her right, and it was then talked of, that if any of the children died without heirs, his or her part was to go to the survivors. The will was then admitted. After giving some legacies, the testator adds, " I give, devise and bequeath, to my six children, *Johannis*, *Jacob*, *Matthew*, *Anne*, *Catharine*, and *Brachie*, and to their heirs and assigns for ever, all the remainder of my real and personal estate, which I hold by patent, deed, bond, or any other instrument whatsoever, to be divided equally among them all, share and share alike, viz. each of my above named six children to have the one-sixth part of my estate, moveable and immoveable, which shall be in my possession when I depart this life; but if any one or more of my above named children should die before they arrive at full age, or without lawful issue, that then his, her, or their part or share of my estate, shall devolve upon, and be equally divided among the rest of my surviving children, and to their heirs and assigns for ever." The will was proved the 29th of *September*, 1781, by one of the subscribing witnesses, before the surrogate of *Ulster* county. It appeared that the other four children died before *Matthew*, leaving issue that were still living.

A verdict was taken for the plaintiff, subject to the opinion of the court, whether the will was properly admitted, and whether the lessors have any, and what interest in the premises.

It was agreed, that if the will was improperly admitted, that a nonsuit should be entered; if otherwise, and the plaintiff had no title, that then a verdict should be entered for the defendants; but if the will was properly admitted, and the plaintiff had shown a title to all, or any part of the premises, judgment was to be given for the plaintiff.

The following points were raised on the argument :

1. Whether the will was properly admitted ?

ALBANY,
August, 1808.

Jackson
v.
Blanshan.

2. Whether the limitation over, upon *Matthew's* dying without issue, was a valid limitation?

3. Whether *Brachie* alone takes as sole survivor, or do not the words import a general failure of issue?

4. Or whether the issue of the brothers and sisters come in for a proportion?

. *L. Elmendorf*, for the plaintiff. 1. The will was duly proved in the office of the surrogate of the county, and being more than 37 years old, it ought to have been received as an ancient deed, without further proof. A parish certificate of 30 years old, has been admitted in evidence, without giving any account of it.* So deeds of 30 years standing, are admitted, without further proof of the execution than the production of them.† Besides, the will having been admitted by the parties who acted under it, that was sufficient, in an action of ejectment.

2. The devise over in the will was good, as an executory devise. In the case of *Fosdick* v. *Cornell*,‡ a similar question arose on a similar clause in a will, and all the cases on the subject were fully examined, and the court were unanimously of opinion, that the devise over was good. As four of the children died before *Matthew*, and he died without issue, the share of *Matthew* must go to *Brachie*, the only survivor.

. *Sudam*, contra. 1. The presumption in regard to ancient deeds, exists only where there has been a continued possession, according to the deed. Here *Matthew* had been long out of the possession. Wills do not, like deeds, take effect from their date or delivery, but from the death of the testator; their age, therefore, is to be computed, not from the time they bear date, but from the period when they take effect. In the present case, the testator died in 1780, or 1781; so that, admitting the rule about ancient deeds, to be applicable to wills, yet, with this modification, the present will is not 30 years old, so as to entitle it to be read as an ancient deed.

* 5 *East*, 259.

† *Buller's N. P.* 255. *Peak's Ev.* 109, 110.

‡ 1 *Johns.* 440.

2. By the word estate, the testator devised both his real and personal property, equally among his children. The personal property vested absolutely on their respectively attaining the age of 21 years, and any limitation over was void. As the object of all the rules of construction is to ascertain the intention of the testator, it is usual to resort to the devise of personal property, in order to find out the intention of the devisor as to his real estate; and to apply the same rule to the real as to the personal property.* If so, then it is clear, that each child, on arriving at the age of 21 years, would take a fee.† Again, by the words " surviving children," it must be intended, that the grand-children should take equally with the surviving child.‡

SPENCER, J. The questions in this case are, whether the will of *Matthys Blanshan*, was well proved; and whether *Brachie*, the wife of the lessor, alone took the share of *Matthias*, one of the children of the testator?

It has been decided in this court, that a will stood upon the same footing as a deed, with respect to proof; and that an ancient will was subject to the same rule of evidence as an ancient deed. The will is dated the 21st of *April*, 1770; but the testator did not die until 1780 or 1781. A will does not take effect until the testator's death; but it conveys only the lands of which he was seised when it was made, if the devise be ever so broad; and therefore, though not consummated until the death of the devisor, it relates back to the time of the devise. The reason of the law, in dispensing with the attendance of witnesses, to a deed of 30 years standing, and where possession has been held under it, is founded on the presumption, that they are dead, and the impossibility of proving its execution; and though they are, in fact, alive, it is not necessary to produce them, for the rule is general in its operation. The reason of this rule applies to the time of the execution of a will, and not to the death

* *Fearne's Ex.* Dev.190.(359.) Forth v. Chapman, 1 P. Wms. 663.
† *Fearne's Ex.* Dev. 191.
‡ *Fearne's Ex.* Dev. 209. Shep. Touch.417, 418.

of the testator, for the same difficulty of proof exists in the one case as in the other. I think, therefore, that when wills and deeds have the same principle applied to them, as respects their proof, it is following the analogy to consider a will as an ancient one, when 30 years have elapsed since its execution; and that it may be read in evidence, where the possession has been held according to its provisions, for 27 years, as is the present case.

If this be correct, the production of the will, the proof that all the children held under it, and had divided the estate according to its provisions, was sufficient proof, *prima facie*, of its execution.

In the case of the *Governor & Company of the Chelsea Water Works* v. *Cowper*,* Lord *Kenyon* admitted a bond to be given in evidence, saying, that all deeds of above 30 years date, proved themselves ; and that it added to its authenticity, coming from among the papers of the Company, and being in the hand-writing of their secretary ; and a case is cited by Lord *Kenyon*, where Lord *Mansfield* declared that he would admit a bond of above 30 years standing, if proved to have been found among the papers of the deceased. The ancient rule required the lapse of 60 years before a deed proved itself; this rule has been narrowed to 30 years, and, as by our statute of limitations, the possession of land for 25 years, gives a title against all the world, I consider a deed of more than 30 years standing, and where possession has been held under it for 25 years, good evidence, without proving its execution.

* 1 *Esp. Cas.* 275.

The devise is to the testator's six children, and their heirs and assigns forever, as tenants in common. But if any one or more of the children should die before they arrive to full age, or without lawful issue, then his part is to devolve upon, and be equally divided among the rest of the testator's surviving children, and to their heirs and assigns forever. *Matthew* died without issue, after the death of four other of the devisees with issue, leaving *Brachie* the only surviving child of the testator.

ALBANY,
August, 1808.

Jackson
v.
Blanshan.

Though the real and personal estate are both given in the same manner, it would be violating the plain intention of the testator, to consider this a void limitation over, because the personal estate might admit of other constructions; and since the case of *Fosdick* v. *Cornell*, it cannot be contended that the devise means an indefinite failure of issue, but only a failure of issue living at the death of the first taker. That case is an authority for saying that the devise here created a good limitation over, by way of executory devise, depending on the contingency of any of the devisees dying, without leaving issue at the time of their death.

The grand-children cannot be considered as the surviving children, within the intention of the testator. The plain language of the limitation would be violated, by giving it such a construction, and indeed it was not pressed.

In my opinion, *Brachie* took the whole share of *Matthew*, on his dying without issue, and the plaintiff is entitled to judgment.

KENT, Ch. J. The first question arising in this case is, as to the admission of the will of *Matthys Blanshan*.

The acts and declarations of the children might, perhaps, have been sufficient ground for presuming a will dividing the estate, according to the distribution which actually took place, had there not been positive proof behind of the existence of the will. Presumptions are only allowed when positive proof is wanting, but here the lessors of the plaintiff admitted, that they had in their hands the will itself. They were then bound to produce it, and support its genuineness by such proof as the nature of the case afforded. The highest and best evidence was the production of one or more of the subscribing witnesses to the will, if they were living, and within the jurisdiction of the court. It was proved that one of the subscribing witnesses was alive, and resided in *Dutchess* county, and no reason was given why he was not produced. This omission was a fatal negligence on the part of the plaintiff; unless the admission of the will can be

supported on the footing of an ancient deed, which proves itself. Here I think also, the lessors of the plaintiff have failed. It is not proper to compute the will from its date, but only from the time that possession took place under it. It is the accompanying possession alone which establishes the presumption of authenticity in an ancient deed. (*Gilb.* 89. *Peake*, 72, 73. *Fleta*, 426. 1 *Inst.* 6. 1 *Rol. Rep.* 132. *Skinner*, 239. 2 *Mod.* 323. 2 *Term*, 466. 1 *Black. Rep.* 532.) In one of the cases referred to, Lord *Coke* says, that possession must have gone all the time, according to the deed, before a feoffment of 40 years standing can be admitted, without proof of livery. Where possession fails, the presumption in its favour fails also. The length of the date will not help the deed, for if that was sufficient, a knave would have nothing to do but to forge a deed with a very ancient date. The death of the testator could not have exceeded 26 or 27 years, before the commencement of the suit, and the time of the possession under the will fell short of the lowest period which has been required to establish an ancient deed.

Perhaps 30 years may be deemed unreasonably long, since it reaches beyond the limitation now established in a writ of right. But it is to be observed, that the rule requiring 30 years, as the test of an ancient deed, is an old and well settled rule of evidence ; and that it has been applied to a variety of instruments, besides conveyances of real estate, such as bonds, certificates of settlement, and the like. It may, therefore, well be questioned, whether greater inconveniences would not be felt from a departure from that rule, than from adhering to it, in the present instance.

On this ground, a judgment of nonsuit ought to be directed, according to the stipulation in the case. But as we have the will before us, and the counsel have argued on the merits of the controversy, arising on the construction of the will, it may, probably, be convenient to the parties,

and save further litigation, to have the opinion of the court on the will.

The will devises the real estate to the six children, in fee, of whom *Brachie*, one of the lessors, was the youngest, and the only survivor; it then adds the following devise over: " But if any one or more of my said children should die before they arrive at full age, or without lawful issue, that then his or her share should devolve upon, and be equally divided among the rest of my surviving children." This devise over is good by way of executory devise, and not too remote; for the construction is well settled, that the words " without lawful issue" mean *issue living at the time of his death*. The case of *Fosdick* v. *Cornell*, (1 *Johns*. 440.) was on a devise to four sons and a daughter, and that if any of them should die, without heirs male of their bodies, their share should go to the survivors. The court reviewed the leading authorities, and held that the devise over was a good executory devise, and that the true construction was, a devise over, to take effect on failure of male issue, *during the life of the first taker*. The case of *Hanbury* v. *Cockerill*, (1 *Rol. Abr.* 835.) is an ancient case, quite analogous, in favour of the validity of this executory devise; the devise there was to the two sons in fee, with a proviso, that if either died before they should be married, or *before they should attain the age of* 21 *years, and without issue of their bodies*, then his share should go to the survivor. In the two cases of *Porter* v. *Bradley*, and *Roe* v. *Jeffery*, (3 *Term*, 143. 7 *Term*, 589.) Lord *Kenyon* supported this established construction, in a very forcible manner; and the present case cannot be distinguished, in principle, from those, in which this rule of law is settled beyond controversy. The lessors of the plaintiff would, therefore, be entitled to recover on the merits of the case, and it is with regret that I am obliged to turn them round to a new action; but according to the stipulation in the case, there must be a judgment of nonsuit.

ALBANY,
August, 1808.

Jackson
v.
Todd.

VAN NESS, J. was of the same opinion.

THOMPSON, J. and YATES, J. not having heard the argument in the cause, gave no opinion.

Judgment of nonsuit.