Per Curiam.

The plaintiffs have declared in covenant on a deed executed by the defendant to their testator, for lots in the Kayaderosseras patent, which deed contained a covenant of seisin.
The defendant has pleaded, that he was seised and had *139 good right to grant the premises, and specially sets out his title. The replication takes issue on the plea. The defendant deduced a title to himself under the Kayaderosseras patent. The plaintiffs introduced in evidence the Saratoga patent, which is prior, in point of date, to that of Kayaderosseras, and deduced a title to their testator, by a deed from * Jonathan Lawrence, of the 25th of January, 1798, under that patent.
It appears that the deed from the defendant to the plaintiffs’ testator was made under an agreement between them, under their hands and seals, dated the 21st of May, 1813, whereby it was stipulated that Baldivin should withdraw a suit he had commenced against Fitch in this court, for lands w'hich Fitch claimed to hold in the town of Saratoga, each party to pay their own costs ; and Fitch released to Baldivin all the lands in lots No. 10 and 11. in the 9th allotment of the Kayaderos-seras patent, that were not included within the bounds of Fitch’s deed from Lawrence, and a survey was to be made, according to the boundaries of the said deed, by Caleb Ellis, as soon as the parties could procure him to do it. The case goes on to state the survey by Ellis, and the giving the deed by Baldwin, in pursuance thereof; but as we do not put the decision on that point, it is unnecessary further to consider it. Nor are we called upon to decide upon the construction of the Saratoga patent.
It is evident, that wdien the agreement of the 21st of May, 1813, was entered into, the lands granted by the deed declared on. were claimed by each of the parties : by the defendant under the Kayaderosseras patent, and by the plaintiffs under the Saratoga patent. We hold Fitch and his representatives estopped from alleging, that the lands granted did lie in the Kayaderosseras patent, or that Baldwin was not seised of them, in consequence of the prior seisin of Fitch under the Saratoga patent. The allegation, that Baldwin has broken his covenant of seisin, by reason that Fitch owned the property when he purchased it, is repugnant to the direct acknowledgment in the act of receiving a title, or taking a conveyance from Baldwin. Paying a valuable consideration and accepting a deed from Baldwin, restrains the bargainee from asserting that the bargainor W'as not seised of the premises, but that the bar-gainee was seised. The covenant of seisin extends only to guaranty the bargainee against any title existing in a third person, and which might defeat the estate granted.
The defendant is placed in an extraordinary situation. Fitch acquired all the title he had in the premises, and *which is admitted to be good, if they lie in the Kayaderosseras patent ; and yet, without having rescinded the contract of sale, and put Baldivin free to contest the question of conflicting boundary, the plaintiffs proceed upon a supposed want of title of which their testator was conusant. It never can be permitted to a person, to accept a deed with covenants of seisin, and *140 then turn round upon his grantor, and allege that his covenant is broken, for that, at the time he accepted the deed, he himself was seised of the premises. If there had been fraud in case, and the plaintiffs could have shewn that the testator had been induced, by undue means, and in ignorance of hi.rights, to take a deed for his own land, there might be relief in a court of equity. In the case of Jackson, ex dem. Brown and others, v. Ayres, (14 Johns. Rep. 224.) the defendant had entered into an agreement to purchase of one of the lessors the lands then in question, and a deed had been tendered and refused ; in an action of ejectment brought by Brown, the defendant offered to prove that one Doblcins had possession of the premises 40 years before the trial, and that the defendant was in possession, claiming title, and had a deed from the heirs of Dobkins. We held, that the defendant was estopped, admitting that he entered under Dobkins, and had a deed from his heirs at the time he agreed to purchase from Brown, unless he was in some way deceived or imposed upon in making such agreement. In the present case, the agreement was consummated by a deed ; and upon every principle the plaintiffs are estopped.
Judgment for the defendant.