JACKSON, *ex dem.* LEAH HENRY, *against* THOMPSON.

*B. devised his real estate to his four children, in fee, in four separate parcels; and provided that if any of them should die without issue of their body or bodies, lawfully begotten, the share of the deceased should be equally divided between the survivors. Two having died with, and one without issue, leaving one surviving, held, that the latter took the whole of the deceased child's share in exclusion of the grandchildren of the testator.*

EJECTMENT, for a lot of ground in *Oak Street*, in the 4th ward of the city of *New-York*, tried at the *New-York* circuit, on the 19*th* of *January*, 1826, before EDWARDS, C. Judge ; when a verdict was taken for the plaintiff, subject to the opinion of the court.

The lessor of the plaintiff claimed under the will of *Elias Brevoort*, her father, deceased.

The facts are sufficiently stated in the opinion of the court.

*For the plaintiff*, to show that the will was duly proved, or receivable as an ancient will, were cited 3 *John. Rep.* 292 ; 3 *John. Cas.* 283 ; *Phil. Ev.* 349 ; *id.* 385, *note ;* 4 *T. R.* 707. That the defendant's title deeds, referring to and reciting the will as the source of title, estopped him to question it, were cited 14 *John. Rep.* 224 ; 17 *id.* 161 ; 3 *John. Cas.* 174. That on the death of *John Brevoort*, the premises in question vested in the lessor of the plaintiff, as the sole surviving child of the devisor, were cited 16 *John. Rep.* 382 ; 2 *id.* 483 ; 2 *Cowen's*

Such a limitation is good by way of executory devise.

Proof by a subscribing witness that he, with two others, saw executed, and that they witnessed a will of land which he had seen in the surrogate's office, which was identified with the one produced on the trial ; though the witness was too dim of sight to see it at the trial ; *held,* sufficient proof of the will on a trial at law.

A will of lands, with a corresponding possession of 40 years under it, need not be proved by the subscribing witness. It is proper evidence as an ancient deed.

One claiming through deeds which recite a will, is estopped to question its genuineness.

*Rep.* 333 ; 3 *John. Rep.* 292 ; 11 *id.* 337. That the lessor's death, since the commencement of this suit, did not abate it, was cited 8 *John. Rep.* 495.

*H. S. Mackay,* for the plaintiff.

*J. Dill,* contra.

*Curia, per* SUTHERLAND, J. The lessor of the plaintiff, *Leah Henry,* was the only surviving child of *Elias Brevoort,* when this suit was commenced. She has since died ; but the defendant expressly waives all question as to the effect of her death upon this suit.

*Elias Breevori* died prior to the 27*th* day of *April,* 1777, leaving four children ; *Henry, John, Jacomentye* and *Leah.* By his will, he made a specific distribution of his real estate, in fee, among his children, in nearly equal proportions ; and at the end of his will inserted this provision : " It is my mind and will, that if any of my children shall depart this life, without issue of their body, or bodies, lawfully begotten, that the share or portion of such, so departing this life, shall be equally divided, share and share alike, between the surviving ones." *Henry* and *Jacomentye* died leaving issue. *John* died in *September,* 1824, without children, leaving his sister, *Leah,* the lessor of the plaintiff, the sole survivor of the four children of her father, *Elias Breevort.* As such survivor, she claims *John's* share of her father's estate under the clause in the will, which I have stated.

1. The will was properly admitted in evidence. Its execution was sufficiently proved by *Richardson,* one of the subscribing witnesses. He testified, positively and distinctly, to every fact necessary to shew a valid execution of the will. His recollection, as to every circumstance was clear. Being more than ninety years of age, he could not see to read ; and, therefore, could not testify upon the trial, to his signature as a witness. But he swore that he had seen the will in the surrogate's office ; and that he then read and recognized his signature as genuine. As to the identity of the will produced on the

trial, and that which the witness had seen in the surrogate's office, there was no dispute.

2. But the will required no proof by a subscribing witness. It was made in 1774; and the testator died prior to the 27*th* day of *April*, 1777; for, on that day, probate of the will was made before *Carey Ludlow*, the then surrogate of *New-York*; and, at the trial, possession was shown to have been in conformity to the will, from the death of the testator. Here, then, is a will and a corresponding possession, of more than 40 years. Under such circumstances, no proof by subscribing witnesses was necessary. (1 *Phillipps' Ev.* 404, *Gould's ed.* 1823, *note* (*a.*) *Jackson* v. *Blanshan*, 3 *John.* 292. *Jackson* v. *Laroway*, 3 *John. Cas.* 283.)

3. The deeds under which the defendant claims the premises in question, refer to the will of *Elias Brevoort*, as the source of title. The defendant may, therefore, be considered as estopped from denying the genuineness and validity of the will. (17 *John.* 161. 14 *id.* 224.)

That *John's* share of his father's estate, upon the death of the former without issue, vested in the lessor of the plaintiff in fee simple, as the sole survivor of the four children of the testator, is clearly established by the cases which have given a construction to the will of *Medcef Eden.* (*Jackson, ex dem. Eden,* v. *Anderson,* 16 *John.* 382. *Lion* v. *Burtis,* 20 *id.* 483. *Wilkes* v. *Lion,* 2 *Cowen,* 333.) The terms used are the same in both wills; and it is impossible to distinguish this case from those cited. The limitation over was good as an executory devise.

The grand children of the testator, the children of *Henry* and *Jacomentye*, are not surviving children within the intention of the testator. (*Jackson* v. *Blanshan,* 3 *John.* 297, *per Spencer, J. Jackson* v. *Staats,* 11 *id.* 246.)

The plaintiff is entitled to judgment.

Judgment for the plaintiff.