Monell, J.
This action was to recover damages for the alleged breach of the covenant of seisin, in a deed from the defendant to the plaintiff’s intestate, of a lot of land in this city. The defendant’s title was derived under a deed from the sheriff, executed' in pursuance of a judgment of foreclosure of a mortgage and a sale thereunder to the defendant. After the conveyance to Mrs. Clark, (the plaintiff’s intestate,) upon the application of the holder of a prior mortgage, the sale under the judgment was set aside, and the judgment opened subsequently, a prior mortgage was foreclosed, Mrs Clark being a party defendant in the action, and the premises again sold, and Mrs. Clark lost the property. An appeal has been taken from the order setting aside the sale, to the Court of Appeals, which is now pending. It is claimed that the order setting aside the sale, and opening the judgment, operated as a disseisin of the defendant’s title, and worked a breach of his covenant of seisin. The grounds of the decision of the Supreme Court, in vacating the sale, do not appear. The order was made at a general term, and is presumed to be correct. But that question is not now before me.
The deed to Mrs. Clark was delivered nearly a year before the order vacating the sale was entered, although the motion at special term, which was denied, was made previously. Until that order.was entered, the title which the defendant acquired under the sheriff’s deed, and which he conveyed to Mrs. Clark, had not been disturbed, and except for that order, it would *657 not have been disturbed. The sheriff’s deed invested the defendant with a title 'to the premises, which was capable of being granted ; and Mrs. 'Clark took, under her deed, the precise title which the defendant had. I am unable to give any other or greater effect to the order of the Supreme Court, than that it restored the lien and operation of the two prior mortgages. It did not operate as a disseisin of the defendant’s title, at least in the sense that it would relate back, and work a breach of the covenant of seisin in his deed. It left the prior mortgagees .to enforce their remedies, to the same extent as if they had not been parties to the foreclosure suit. That the order of the Supreme Court did not operate as a disseisin of the defendant’s title was substantially decided in this court, in Holden v. Sackett, (12 Abb. 473.) It is there said that a judicial sale, made pursuant to the decree or judgment of a competent court, having jurisdiction of the subject matter and of the parties, passes title to the purchaser, even though the judgment should afterwards be reversed, or set aside for error or irregularity on appeal, and the cases there cited in support of this proposition, I think, fully sustain it. The judgment which was opened, had foreclosed the equity of redemption of the mortgagor, and all the defendant acquired was the equity of redemption of the premises encumbered by the two prior mortgages. The title thus acquired was indefeasible, except by the foreclosure of the prior mortgages, which by the order of the Supreme Court, were restored to their original lien. Had Munns, the mortgagor, conveyed the equity of redemption to the defendant, the result would have been the same. Although the order rof the court, in terms, opened- the judgment, yet I cannot believe it was intended to do any thing more than to relieve .the holders of the prior mortgages from its. effects. Munns had acquiesced in the judgment, and was not a party to the application.
The covenant of seisin is broken, if at all, at the time it is made. (Hamilton v. Wilcox, 4 John. 72. Greenby v. Wilcoxs, 2 id. 1. Abbott v. Allen, 14 id. 248.) It cannot be broken after it is made. Whatever may subsequently tran *658 spire, to defeat the title, whether it be the act of the party, or the judgment of a court, the covenant cannot be affected. The covenantor either was seised or he was not,-at the time he made his covenant. If he was seised, his covenant was not broken at the time, and it would not be broken afterwards, Suppose a man conveys his property to an innocent party, in fraud of his creditors, and a court should set aside the deed, (if a court could be found to do such a thing,) would an action lie by the grantee for a breach of the covenant of seisin ? I think not. Yet the fraud operated at the time the deed was .made, and effect would have to be given to the fraud, in vacating the deed. It seems to me quite clear, that at the date of Mrs. Clark’s deed the defendant was seised, and that his covenant then made was not broken. If the covenant is broken as soon as made, then the .covenantee may .immediately sue. Could Mrs. Clark have brought her suit on the day she received the deed ? Certainly not. Then the covenant was not broken on that day, for the defendant could at that time have shown a good title.
There is no principle upon which a right -of action for a breach of the covenant of seisin, and similar covenants, can arise, after the covenant is made. If the covenant is satisfied when made, it must remain so ; and if the possession of the grantee is afterwards disturbed, he must resort for redress to some other covenant in his deed.
The covenant of seisin is only a guaranty against any title existing in a third person, which might defeat the estate granted, (Fitch v. Baldwin, 17 John. 161;) not against a possible judgment of a court invalidating a proceeding through which the grantor obtained his title.
It is not the want of a perfect title, says Edwards, J. (in Fowler v. Poling, 2 Barb. S. C. R. 300,) which constitutes a breach of the covenant of seisin. The covenantor may have a defeasible title, and yet not be liable on this covenant. It is not necessary that he should have a seisin in law ; he may have a seisin in fact. And the latter, though not sufficient as a bar *659 to a suit founded on a paramount title, would be a good bar to an action founded on the covenant of seisin.
I do not undsrstand what is meant by a seisin in fact, as distinguished from a seisin in. law; nevertheless the case referred to is an authority that a mere defeasible title will not' work a breach of the covenant of seisin.
The case of Bingham v. Weiderwax, (1 Com. 509,) relied on by the plaintiff’s counsel, does not aid him. In that case, W. and S. had conveyed certain premises to B.’s intestate, with covenant of seisin, subject to two mortgages.. The mortgages were foreclosed, and at the sale under the decree of foreclosure, the premises were purchased by a stranger. W. and S. had no title," and their covenant of seisin was broken when made. The court held that the omission of B.’s intestate to pay the mortgages, and suffering a foreclosure and sale, did not defeat his action for a breach of the covenant of seisin. The right to that action existed when the covenant was made, and did not depend, in any respect, upon the foreclosure of the mortgage and sale under it. " The marked distinction between that case and this, is that Weiderwax was not seised, whereas the defendant here was seised.
I have given to this case a very careful examination, not only because of the novelty of the questions involved, but because of its importance to the plaintiff. I have not been able to find any principle upon which the action, as it is stated in the complaint, can be sustained. The plaintiff's intestate has suffered a serious loss, and her representative is not, I think, without a remedy. In the present action he has mistaken that remedy, and I am constrained to dismiss his complaint.