## HARRIET C. WIDRIG, APPELLANT, *v.* PHILIP FINSTER, RESPONDENT, IMPLEADED WITH MARY FRANK AND OTHERS.

*Devise — gift over to survivors on death of first taker without issue — construction of.*

A testator devised to his three children Theobald, John and Jacob, "and unto their respective heirs and assigns forever, all my (his) farm * * * to be equally divided among them or their heirs (quantity and quality considered); and in case either of my said sons should die without issue, that then, and in such case, his share shall be equally divided amongst the survivor or survivors, or his or their heirs." John died first, leaving children; Jacob second, without issue. *Held,* that Theobald was entitled to the whole of Jacob's share, and that the children of John had no interest therein.

APPEAL from a judgment of the court at Special Term, sustaining the demurrer of the respondent to the amended complaint. In 1815 Jacob Oyer, the appellant's grandfather, died seized of a certain farm, which he devised by his will in these words : " I give and bequeath unto my three sons, namely, Theobald, John and Jacob, and unto their respective heirs and assigns forever, all my farm whereon I now live, in the town of Schuyler, * * * to be equally divided amongst them or their heirs (quantity and quality considered) ; and in case either of my said sons should die without issue, that then and in such case his share shall be equally divided amongst the survivor or survivors, or his or their heirs."

John Oyer died first leaving issue, the appellant and others.

Jacob Oyer next died, without issue. Theobald, now called David Oyer, and his grantees, thereupon, claimed the whole of Jacob's third. The plaintiff, as one of the heirs of John Oyer, claimed under him to be entitled to a portion of Jacob's third. The only question involved in this appeal is as to the proper construction of the clause in the said will above quoted.

The complaint was dismissed at Special Term, and judgment was entered, in Herkimer county, to that effect.

*E. D. Northrup,* for the appellant.

*Samuel Earl,* for the respondent.

HARDIN, J.:

When Jacob Oyer died in 1872, without ever having had any children, the share of the farm which he took under his father's will went by the terms of the will to the survivor Theobald (David). The words, " that then and in such case his share shall be equally divided amongst the survivor or survivors, or his or their heirs," limit the estate to the " survivor " of " said sons " named by the testator. (*Miller* v. *Emans*, 19 N. Y., 384; *Guernsey* v. *Guernsey*, 36 id., 267; *Striker* v. *Mott*, 28 id., 90; *Smith* v. *Scholtz*, 68 id., 58 ; Redfield on Wills, 756 ; *Jackson* v. *Blanshan*, 3 Johns., 292; *Lovett* v. *Buloid*, 3 Barb. Chy., 137.) The will was prepared in 1815, and the words, " or his or their heirs," were inserted as words of inheritance. The intention of the testator, obviously, was to devise his real estate to his three sons, for *each* to enjoy, in his lifetime, one-third thereof, and to provide that the one-third go to the issue of the body of the parent, if any such issue survived, and in case of the death of any son without issue of his body, that his share should go to the remaining son, or sons.

The death of the son in 1872, without issue, had the effect to pass the estate to his brother, the son of the testator referred to by the word survivor. The reason given by the court below for its judgment accords with our views. The judgment must be affirmed, with costs.

TALCOTT, P. J., and SMITH, J., concurred.

Judgment affirmed, with costs.