ROBERT C. MARTIN, RESPONDENT, *v.* JACOB S. RECTOR, APPELLANT.

*Evidence — ancient documents — what must be shown to authorize their admission in evidence.*

Upon the trial of this action of ejectment, two leases were produced on behalf of the plaintiff, one dated in 1808 and the other in 1815. A witness, called by the plaintiff, gave evidence tending to show that the witnesses to the leases were dead ; that, from an inspection of many early leases of the same character, he had become familiar with their signatures and thought them to be genuine; that the lessor was dead ; that he had seen him write, and believed his signature to be genuine. An objection to the admission of the leases, made by the defendant, on the ground that there was no proof of their execution or delivery, was overruled.

*Held,* error ; that there was no such proof of possession under, or as to the custody of the leases, as to authorize their admission in evidence as ancient records.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

This action was brought to recover the possession of certain real estate described in the complaint, situate in the town of Schodack, Rensselaer county. The answer is a general denial. The premises were originally owned by Stephen Van Rensselaer. They are included in two indentures or leases in fee (reserving rent perpetually), one to Abel French, dated December 17, 1815, the other to George Adriance, Jr., and Rachel Witbeck, dated June 15, 1808, both containing a clause giving a right of re-entry for non-payment of rent. The plaintiff claims title under the will of Stephen Van Rensselaer and a conveyance from William P. Van Rensselaer, the devisee of Stephen.

*George W. Miller*, for the appellant

*Matthew Hale*, for the respondent.

BOARDMAN, J. :

This action was brought to recover possession of certain lands alleged to be held by defendant, subject to certain permanent leases, for non-payment of rent. The defense was a general denial.

On the trial before the referee certain leases were produced purporting to have been given prior to 1820, to wit, 1808 and 1815, to one French and others. Evidence was given tending to show on information that the witnesses to the leases were dead. The witnesses then testified as follows: "By inspection of many early leases of same character have become familiar with the signatures of those writers and think them genuine. Knew Stephen Van Rensselaer, grantor named, and saw him write; believe signature genuine; S. Van Rensselaer is dead." The leases were then offered in evidence. The objection was taken that there was no proof of execution by grantor or of delivery of deeds. The objection was overruled and defendant excepted. The referee held that the leases proved themselves as an ancient record to which also the defendant excepted.

. An ancient deed is admissible in evidence, if it is made to appear that it comes from such custody as to afford a presumption that it is genuine and that it is not subject to suspicion by reason of interlineations, erasures or otherwise. It may be also admitted upon proof of thirty years' uninterrupted possession under it. (*Clark* v. *Owens*, 18 N. Y., 437; 1 Gr. Ev. § 21 and *note; Ridgeley* v. *Johnson*, 11 Barb., 527; *Lyon* v. *Adde*, 63 id., 89, 104; *Hewlett* v. *Cock*, 7 Wend., 371, disapproving of *Jackson* v. *Blanshan*, 3 Johns., 298.)

In this case there was no such proof of possession under the leases as the law requires to make the leases competent evidence. Nor was there any evidence of the custody of the lease from the time of its date to the day of the trial, or any portion of that time. In fact when the plaintiff rested his case nothing had been proved which entitled the leases to be received in evidence to support plaintiff's claim of title to the premises in controversy.

This action was begun in 1861 or 1862. The trial of the issues joined was begun in 1864 and concluded in 1879. The leases and other documentary evidence are not printed in full. The abstracts do not even contain a description of the property conveyed. There is nothing in the evidence by which the lands described in the complaint can be identified. Doubtless the return is imperfect. However that may be, we think the exceptions to the admission of the leases in evidence were well taken.

Other exceptions were taken and discussed. They refer to the findings of the referee on the facts and the want of evidence to sustain them. As a new trial will take place and evidence will be offered anew, it will not profit the parties to discuss those exceptions. If they are well founded the plaintiff can obviate them if possible upon such new trial.

The judgment must be reversed and a new trial granted, costs to abide the event. The defendant asks for restitution of possession, but the case does not show he has been deprived of the possession. The judgment must be reversed.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment reversed, new trial granted, referee discharged, costs to abide event.