EDWARD HOOPES, PLAINTIFF, *v.* THE AUBURN WATER–
WORKS COMPANY, DEFENDANT.

*Evidence — ancient corporate deed — what is admissible as — presumptions as to its seal ; as to the appointment and power of an officer of the corporation — form of acknowledgment by a corporation — what sufficient to authorize the recording of a deed — what instrument is sufficient to support a claim of title upon which to found an adverse possession — a general objection taken at the trial cannot be sustained on appeal by a specific one — sale of property, not covered by the mortgage, under a decree of foreclosure thereof — rights of the purchaser — deed — when void because the premises are then adversely held — 1 R. S., 739, sec. 147.*

In an action to recover the possession of a parcel of ground the plaintiff claimed title under a deed purporting to have been made November 1, 1844, by the Auburn and Owasco Canal Company, which deed conveyed 105 acres of land, including those in dispute. The original deed was not produced. As recorded in the county clerk's office the deed purported to be made between the said company and one Marvine, under whom the plaintiff claimed. The concluding portion of the deed was that Alfred Northam, treasurer of the Auburn and

Owasco Canal Company, by the order and direction of the board of directors of the company, thereto affixed its common seal and his signature as treasurer of the company. It was subscribed by him, and witnessed, and acknowledged by him, in the same manner as a deed executed by an individual usually is. Evidence was given showing possession of the premises by Marvine from the time of the conveyance to the time when the plaintiff purchased in 1875, and by the plaintiff from that time until excluded therefrom by the defendant in 1878.

*Held,* that the record was properly admitted in evidence as an ancient deed.

That as it appeared that the canal company had ceased to exist as a corporation many years ago, and as there was no presumption of the continued existence of its corporate proceedings, and as the deed was shown to be admissible in evidence as an ancient deed, the recitals in it became evidence of the facts recited, and it was not necessary, therefore, for the plaintiff to prove that the seal was that of the corporation and that Northam was its treasurer.

That the power to execute the deed and to affix the corporate seal would be presumed to have existed.

The acknowledgment as certified contained no statement that the seal was that of the corporation and that it was affixed by its order.

*Held,* that in the absence of any statute requiring any peculiar form for the acknowledgment of instruments executed by corporations, the acknowledgment in this case was sufficient to authorize the recording of the deed.

That if there was any question as to the sufficiency of the evidence to establish the deed as a conveyance, it was certainly sufficient to justify a claim of title and support an adverse possession founded upon it.

The plaintiff purchased the premises upon the foreclosure of a mortgage, given thereon by Marvine, under a decree which directed the sale to be made by the sheriff. The sale was made, and the deed given to the plaintiff was executed by a referee. A general objection to the admission of the deed in evidence was taken at the trial.

*Held,* that the specific objection that the deed was not made by the officer directed by the decree to make it, could not be taken for the first time upon the hearing of this appeal.

The defendant offered in evidence a mortgage from the canal company to McIntyre made in 1836, a judgment of foreclosure, a sale thereunder and a referee's deed of the premises made in 1854, with *mesne* conveyances, including one to the defendant in 1869. The premises in question were not described in the mortgage, but were described in the complaint, judgment and deed of the referee. Marvine was not made a party to the action.

*Held,* that the court properly refused to receive the evidence, for the reasons:

*First.* That the plaintiff's grantor was not a party to the action.

*Second.* That the right of the purchaser at the sale was founded on the mortgage and not on the judgment.

*Third.* That as the evidence showed an adverse possession of the premises by Marvine at the time of the sale and the conveyance to the defendant, the conveyance to the latter was, it seems, rendered void by section 147 of 1 Revised Statutes, page 739.

MOTION by defendant for a new trial, on exceptions taken at the Cayuga Circuit, and ordered to be heard at the General Term in the first instance.

The action is one of ejectment to recover the possession of a parcel of land situated in the city of Auburn and adjacent to the water of Owasco river, and along it, and what had at one time been a canal supplied with water from the river, being bounded by them on the east. The plaintiff founds his alleged title on a deed purporting to have been made November 1, 1844, by the Auburn and Owasco Canal Company, by its treasurer, to Edward E. Marvine, and the possession of the grantee under such conveyance, until the sale by virtue of a decree of foreclosure of a mortgage made by him, at which sale the plaintiff became the purchaser and received a deed dated April 16, 1875. The plaintiff recovered a judgment at the circuit.

*John D. Teller*, for the plaintiff.

*Charles M. Baker*, for the defendant.

BRADLEY, J.:

The Auburn and Owasco Canal Company, incorporated in 1828, had title to a tract of land, including the premises in question. The deed of November 1, 1844, covered 105 acres and embraced the land in dispute. The original deed was not produced at the trial. The record of it in the county clerk's office was put in evidence, to which objection and exception were taken by the defendant, on the grounds that it did not purport to be a valid deed, that the seal was not shown to be that of the corporation, that the authority of the person acknowledging its execution to act for the corporation did not appear, and that the deed was not properly executed. The deed purported to be made between the Auburn and Owasco Canal Company of the first part, and Edward E. Marvine of the second part. The concluding clause of the instrument was that Alfred Northam, treasurer of the Auburn and Owasco Canal Company, by the order and direction of the board of directors of the company, thereto affixed its common seal and his signature as treasurer of the company. It was subscribed by him and witnessed, and by Notham acknowledged in the usual manner of the acknowledgment of a deed executed by an individual.

The deed on its face purports to be one of conveyance by the company to Marvine and to have a seal affixed, but it does not appear other than by the recital that the seal was that of the corporation or that Northam was treasurer of the company or authorized to make for it the deed. But it was more than thirty years old at the time of the trial and may be treated as an ancient deed and was properly received in evidence against the objections taken, without other proof of authority or execution although to give it effect as such, other evidence was necessary. (*Staring* v. *Bowen*, 6 Barb., 109.) The requisite proof of possession of the grantee from and after the conveyance, and that of the plaintiff after his purchase, was given to justify the conclusion that they had the actual possession during the whole time down to 1878, when the plaintiff was excluded from the premises in question, by the defendant, who then erected a fence shutting off the plaintiff's access to them, and assumed the right to control and thereafter did have the possession of them. The evidence of the possession for thirty years by the plaintiff and by Marvine under whom he held was therefore sufficient to permit the conclusion that the instrument was supported as an ancient deed without further proof of its execution. (*Jackson* v. *Davis*, 5 Cow., 123; *Jackson* v. *Luquere*, Id., 221; *Jackson* v. *Lamb*, 7 id., 431; *Crowder* v. *Hopkins*, 10 Paige, 184; *Troup* v. *Hurlbut*, 10 Barb., 354; *McKinnon* v. *Bliss*, 21 N. Y., 207.) The recital in the deed to the effect that it was executed and the corporate seal affixed by the treasurer, by the order and direction of the company, in view of the fact that the corporation was named in the deed as the grantor, is sufficient upon the face of the instrument to import a grant by it as distinguished from the act and seal of the individual officer.

It is contended that it was necessary for the plaintiff to prove that the seal was that of the corporation and that Northam was its treasurer. In that the defendant may be right in a qualified sense, and the question is whether the recitals furnish *prima facie* evidence of those facts. The evidence tends to prove that the canal company, as a corporation, ceased to exist many years ago. And there is no presumption of continued existence of the records of its proceedings to impose upon the plaintiff the necessity of making proof in that respect, but when he has established the facts requisite to give effect to the deed and make it evidence as an ancient one

without proof of its actual execution, the recitals in it, consistent with other evidence in support of it, with its execution and its apparent purpose, also become some evidence of the facts so recited. (*Schermerhorn* v. *Negus*, 2 Hill, 335 ; *Deery* v. *Cray*, 5 Wall., 796.) And the power to execute the deed, to affix the corporate seal, and that it was such, may be presumed. (*Tolman* v. *Emerson*, 4 Pick., 160, 162 ; *Jackson* v. *Blanshan*, 3 Johns., 292, 297, 298 ; *Doe* v. *Phelps*, 9 id., 169 ; *Doe* v. *Campbell*, 10 id., 475 ; *Susquehanna B. and B. Co.* v. *Ins. Co.*, 3 Md., 305 ; 56 Am. Dec., 740 ; *Rex* v. *Bathwick*, 2 Barn. & Ad., 639.) The same rule is applicable to records and office copies of such instruments. (*King* v. *Little*, 1 Cush., 436 ; *Pitts* v. *Temple*, 2 Mass., 538 ; *Palmer* v. *Stevens*, 11 Cush., 147 ; *Chamberlain* v. *Bradley*, 101 Mass., 188.)

The acknowledgment as certified, although it contained no proof that the seal was that of the corporation, and affixed by its order as is usual in such cases, was sufficient to authorize the record of the deed.

Our attention is called to no statute requiring any acknowledgment peculiar to corporations. (*Lovett* v. *The S. S. M. A.*, 6 Paige, 54, 60 ; *Kelly* v. *Calhoun*, 95 U. S., 710.) In *Howe Machine Company* v. *Avery* (16 Hun, 555) the certificate of acknowledgment contained no proof of the execution of the instrument by the corporation, nor does that to the deed in question. And if the recital in the latter was entitled to no consideration as that of an ancient deed, there would be no evidence of its corporate character.

It seems to be unnecessary to furnish any proof of power given by the corporation to execute the deed, other than that requisite to support it as an ancient instrument for the purposes of evidence ; but the record of another deed, put in evidence by the defendant between the canal company as grantor and Marvine as grantee, of date March, 1844, not including the land in question, but covering some portions of the land conveyed by the deed of November 1, 1844, contains a recital of the action of the board of directors of the company whereby its treasurer was directed to convey to Marvine the lands described in the deed of November first before mentioned, which was not fully consummated by that, in which was contained such recital but was by the one made in November fol-

lowing. We think the deed was properly in evidence as an ancient deed of the corporation named in it as grantor.

If there may be a difference of view in respect to the sufficiency of the evidence to establish the deed as a conveyance by the canal company to Marvine, it must be deemed sufficient to constitute color of title, which imports an instrument insufficient in fact to convey title, and in such case the requisite possession, and not the deed, affords by operation of law the right or title to the property. There is nothing in the terms of the deed to show a want of power to execute it. It was therefore sufficient to justify a claim of title and to support adverse possession founded upon it within the meaning of the statute. (*Jackson* v. *Newton*, 18 Johns., 355 ; *La Frombois* v. *Jackson*, 8 Cow., 589 ; *Bradstreet* v. *Clarke*, 12 Wend., 674, 675 ; *Munro* v. *Merchant*, 28 N. Y., 9, 41; *Sands* v. *Hughes*, 53 id., 287; *Reformed Ch.* v. *Schoolcraft*, 65 id., 134, 147 ; *Crary* v. *Goodman*, 22 id., 170; *Brooks* v. *Bruyn*, 35 Ill., 394.)

The question of actual possession of the disputed premises by Marvine under the deed was litigated, and the evidence tended to prove and fairly establish the fact that through his tenants, to whom he rented the farm, which included the land in question, this particular part of the premises was used for the usual purposes of husbandry from year to year so far as it was in condition for such use by cultivation, mowing and pasturage. And the residue of the farm was used for like purposes from the time the deed was made ; and after the plaintiff became the purchaser it was used in like manner by him until the interruption in 1878 before mentioned. And the possession may be deemed adverse within the statute. (2 R. S., 294, § 10 ; Code Pro., § 83.)

There is evidence tending to prove that the defendant for some time prior to 1878, had assumed to give permission to persons to erect some boat houses adjacent to and on the bank of the premises, and extending over the water, and had from time to time taken some earth from there to repair its dam, but those acts were not such as to constitute adverse possession, nor did they materially interfere with the possession and use of the land by Marvine and the plaintiff. (*Miller* v. *L. I. R. R. Co.*, 71 N. Y., 380; *Thompson* v. *Burhans* 79 N. Y., 93.) The plaintiff took title through Marvine, which was derived from the mortgage the latter had made, and succeeded to

his rights in respect to the title, and the possession of the plaintiff under his purchase was continuous with that Marvine had up to that time held.

The decree of foreclosure directed the sheriff to sell. The sale and deed were made to the plaintiff by Andrew J. Sanders, who subscribed himself, as referee, to the deed. The question is now made that the deed was not admissible as evidence because it was not made by the officer directed by the decree to make it, and that it is therefore ineffectual. The question does not appear to have been specifically raised at the trial. The objection to its admission as evidence was general. It may be that some legitimate reason existed for the sale and deed by the referee which might have obviated that ground of objection if it had been specifically taken. The sale and deed are deemed to have been made pursuant to direction properly given by the court.

The defendant offered in evidence a mortgage of the canal company to one McIntyre of June, 1836, a judgment of foreclosure, a sale pursuant to it, and the deed, with *mesne* conveyances to and including one to the defendant, and they were excluded and exception taken.

The mortgage did not cover the premises in question or any part of them. And although that action was commenced some years after the deed to Marvine was recorded, he was not made a party to it. The premises described in the complaint and judgment there, embraced these premises, or a portion of them, and so did the referee's deed made in February, 1854. And the defendant's contention for the admissibility of the evidence is based upon that fact. A judgment as between the parties to it, as a rule, may not be subject to collateral attack, but the deed so taken pursuant to the decree and sale, could furnish no evidence of title as against Marvine and those holding through and under him. The right was founded in the mortgage and that only.

The error of description in the record of the foreclosure could not prejudice the plaintiff here in respect to the title. And there was no evidence to support any claim founded on adverse possession under color of title furnished by the referee's deed and those following it. The defendant was not incorporated until 1859, and took its deed in 1869, more than twenty years after the deed to

Marvine. If it can be said, as matter of law upon the evidence, that Marvine was then in the actual possession of the premises under a title adverse to the grantor's in those several deeds following that given, pursuant to the sale upon that decree of foreclosure, it would follow that those deeds in respect to the lands in question were void. (1 R. S., 739, § 147.) But it is unnecessary to assert that proposition for the purposes of this case. The color of title clearly existed in the deed to him which covered the premises, and the evidence is quite controlling if not conclusive that he was in the actual possession holding adversely under such title. The right of the plaintiff to recover depended upon the title derived from the deed to Marvine or from title derived by law from adverse possession under it. And the evidence offered by the defendant in no manner affected either of those claims of the plaintiff or tended in any degree by way of defense against them. And the evidence put in by the defendant in relation to the taking by it of earth, gravel, brush and grass from the premises in no manner aided it, and there was no error in striking it out.

The declarations of Marvine while he had the possession of the premises, in respect to the boundaries and the extent of his possession, were competent and properly received in evidence. The objections taken to the declarations of Marvine, made by him during that time, were general. And although some evidence given in that respect may not have been within the rule of admissibility, the objection might have been obviated if made on some specific tenable ground or by motion to strike out, when not responsive to the purpose of the question. There seems no error to the prejudice of the defendant in the admission or exclusion of evidence on the trial. The defendant's counsel asked leave to go to the jury " on all the facts in the case," which the court refused, and added that the only question for the jury was one of damages, and exceptions were taken.

The court then proposed to submit to the jury the question " whether the plaintiff held adversely to the defendant for twenty years or more under a claim of title upon the evidence, if the defendant desired. The defendant's counsel declined the offer of the court." What is requisite to produce adverse possession is matter of law for the court to declare, but whether the facts which

constitute it are established by the evidence is usually for the jury to find. Assuming that the plaintiff's right to recover depended upon the requisite adverse possession, that fact upon the evidence presented the only question for the jury other than that of damages, otherwise the latter was the only question for them. The proposition of the court to submit the matter of adverse possession was informal and not entirely accurate in terms, as it expressed only the adverse holding of the plaintiff who had held the possession a few years only, but it was evidently intended to reach back during the time Marvine had the possession. And it must have been so understood by the defendant's counsel, and if the latter had desired to have the question submitted, a mere suggestion for modification would evidently have procured it and the proper submission of the question to the jury. This proposition overcame the force of the exception before taken to the statement that there was no question other than that of damages for them. In the view taken of the case, none of the defendant's exceptions support error.

The motion for new trial should be denied and judgment ordered on the verdict.

SMITH, P. J., and BARKER, J., concurred.

Motion for new trial denied and judgment ordered for plaintiff on the verdict.