John D. Bennett, S.
In this uncontested prohate proceeding, the propounded instrument bears the date of January 5, 1924. One witness is dead; the other, whose present address is unknown, “ possibly now resides in Ireland ”.
The quantum of proof ordinarily required seems to be modified (according to the authorities) where the will proffered is more than 30 years old. Such a document is denominated an ‘ ‘ ancient will ’ ’ and is treated in the same manner as other “ ancient documents ” (see Matter of Barney, 185 App. Div. 782, 798, 799; 2 Jessup Redfield on Surrogates Law and Practice [rev. ed., 1947], § 1127; McCormick on Evidence [1954], p. 401 et seq.). The application of the ancient document rule to wills may be found in cases dating back to the early 19th century (Northrop v. Wright, 24 Wend. 221, revd. 7 Hill 476 [1840]; Staring v. Bowen, 6 Barb. 109 [1849]; Jackson ex dem. Lewis v. Laroway, 3 Johns. Cas. 283 [1803]; Jackson ex dem. Burhans v. Blanshan, 3 Johns. 292 [1808]; Jackson ex dem. Hunt v. Luquere, 5 Cow. 221 [1825]; Jackson ex dem. Henry v. Thompson, 6 Cow. 178 [1826]; Jackson ex dem. Bowman v. Christman, 4 Wend. 277 [1830]; Fetherly v. Waggoner, 11 Wend. 599 [1834]; Rider v. Legg, 51 Barb. 260 [1868]; Matter of Hall, 90 Misc. 216 [1915]).
Wigmore asserts: ‘ For three centuries the rule has existed, unquestioned in its general validity, that an ancient document, under certain conditions, is to be taken as sufficiently evidenced, in regard to its genuineness of execution, to be submitted to the jury.
“ The reasons for this specific and simple rule are twofold. First, after a long lapse of time, ordinary testimonial evidence from those who saw the document’s execution or knew the style of handwriting or heard the party admit the execution, is practically unavailable, and a necessity always exists for resorting to circumstantial evidence. Secondly, the circumstance of age — or long existence — of the document, together *803 with its place of custody,, its unsuspicious appearance, and perhaps other circumstances, suffice, in combination, as evidence to be submitted to the jury.” (7 Wigmore on Evidence [3d ed.], § 2137.) Wigmore further states that it is universally conceded that the rule applies to all sorts of documents ‘ ‘ in particular, to wills ” (§ 2145).
The genuineness of the signatures, the unsuspicious appearance of the instrument, its production from a natural place of custody and the recitals of the attestation clause having all been shown, the propounded instrument will be admitted to probate as the will of the decedent and the testimony of the dead and absent witnesses is dispensed with (Surrogate’s Ct. Act, § 142).
Submit decree.