John D. Bennett, S.
In this nncontested probate proceeding the propounded instrument is offered as an “ ancient will ”. In Matter of Hehn (6 Misc 2d 801) this court admitted such an instrument saying (p. 802): “ The quantum of proof ordinarily required seems to be modified (according to the authorities) where the will proffered is more than 30 years old. Such a document is denominated an ‘ ancient will ’ and is treated in the same manner as other ‘ ancient documents ’ ” (citing cases).
Wigmore points out that such a document “ under certain conditions ” raises a question of fact as to its validity, discussing the necessity for resorting to circumstantial evidence stating that the rule applies “ in particular, to wills ” (VTI Wigmore on Evidence [3d ed.], § 2145). Wigmore further states: “ Secondly, the circumstance of age — or long existence — of the document, together with its place of custody, its unsuspicious appearance, and perhaps other circumstances, suffice, in combination, as evidence to be submitted to the jury.” (VII Wigmore on Evidence [3d ed.], § 2137.)
It must not be lost sight of that subdivision 1 of section 144 of the Surrogate’s Court Act requires that “ Before admitting a will to probate, the surrogate must inquire particularly into all *31 the facts and circumstances, and must be satisfied with the genuineness of the will, and the validity of its execution. ” It is because of this provision that the court in admitting a propounded instrument as an “ ancient document ” places particular reliance on evidence relating to “ The genuineness of the signatures, the unsuspicious appearance of the instrument, its production from a natural place of custody and the recitals of the attestation clause ” (Matter of Hehn, supra, p. 803).
The proof thus far here adduced does not satisfy the requirements for admission to probate of the propounded instrument. This matter will be set down for a hearing on the 28th day of May, 1958, at 10:00 a.m. at which time the proponent will be given an opportunity to produce such testimony as will permit the Surrogate to “be satisfied with the genuineness of the will, and the validity of its execution ” (Surrogate’s Ct. Act, § 144, subd. 1).